Steve **HUMPHRIES,** Appellant,

v.

**ADVANCED PRINT MEDIA, Appellee.**

No. 05–10–00031–CV.

Court of Appeals of Texas,
Dallas.

March 23, 2011.

Clifford L. Weinstein, Law Offices of Clifford I. Weinstein & Associates, Plano, TX, for Appellant.

Jason Lewis Wright, Denton, TX, Jeffrey D. Shelton, Wright Lae P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and MURPHY.

## OPINION

Opinion By Justice MORRIS.

In this appeal following a trial before the court without a jury, Steve Humphries challenges the trial court's judgment against him in his individual capacity. In two issues, Humphries contends the evidence is insufficient to show he assumed personal liability for the debt of another and, even if he did, the statute of frauds bars any recovery against him. Because Humphries failed to challenge all possible grounds supporting the judgment against him, we affirm the trial court's judgment.

I.

Advanced Print Media (APM) filed this suit against Steve Humphries, Humphries Marketing Group (HMG), and Dealer Advanced claiming they owed APM a balance of $6,743.07 for printing services provided by APM. APM asserted claims for both breach of contract and quantum meruit against all three defendants. After a trial to the court, HMG agreed to a judgment against it for the full amount claimed plus attorneys' fees. The parties further agreed to submit briefing to the trial court on the issues of Humphries's personal liability and the liability of Dealer Advanced.

After considering the evidence and arguments made, the trial court rendered judgment in favor of APM against both HMG and Humphries. The judgment did not specify the ground or grounds upon which it was based. The trial court ordered that APM recover the full amount owed from both defendants along with pre-judgment and post-judgment interest and $12,998.69 in attorneys' fees. The trial court further ordered that APM take nothing by its claims against Dealer Advanced. Humphries brings this appeal.

II.

In two issues, Humphries contends the trial court erred in rendering judgment against him individually because there was insufficient evidence to show he assumed liability for the debt owed by HMG and the statute of frauds prevents the enforcement of any alleged promise by him to pay HMG's debt. Humphries does not address his liability under a theory of quantum meruit in either of his issues. As stated above, the trial court did not specify

the grounds upon which the judgment was based. Where a judgment may rest upon more than one ground, the appealing party must challenge each ground or the judgment will be affirmed on the ground to which no complaint is made. *See Johnson v. Coggeshall,* 578 S.W.2d 556, 560 (Tex. Civ.App.-Austin 1979, no writ).

Humphries discusses quantum meruit only in his reply brief. In general, an issue raised for the first time in a reply brief may not be considered. *See Bankhead v. Maddox,* 135 S.W.3d 162, 163–64 (Tex.App.-Tyler 2004, no pet.). Even if we were to consider Humphries's argument, we conclude he has not shown that the trial court erred.

Humphries's sole argument on quantum meruit is that the claim against him fails as a matter of law because there is a valid, express contract between APM and HGM covering the same subject matter. Humphries denied the existence of such a contract in his pleadings, however. Furthermore, the trial court made no finding that an express contract existed and the parties made no stipulation on the issue. In a trial to the court where no findings of fact or conclusions of law have been filed, the judgment implies all necessary findings in support of the judgment. *See Ramey v. Ramey,* 425 S.W.2d 900, 901 (Tex.Civ.App.-Eastland 1968, writ dism'd). APM alleged, and the trial court could have concluded, that HMG and Humphries were jointly liable to APM for the amount owed by virtue of quantum meruit. Humphries does not challenge the judgment against him on this ground and, therefore, has waived his right to complain about the ruling on that basis. *See Johnson,* 578 S.W.2d at 560.

We affirm the trial court's judgment.