# NO. 12-13-00129-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | *§* | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | *§* | *COUNTY COURT AT LAW* |
| *OF J.M.* | *§* | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

J.M. appeals from an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication-forensic. In one issue, J.M. asserts the evidence is legally and factually insufficient to support the trial court's order. We affirm.

### BACKGROUND

On April 11, 2013, Dr. Robert Bouchat signed an application for an order to administer psychoactive medication-forensic to J.M. In the application, Bouchat stated that J.M. was subject to an order for inpatient mental health services issued under Chapter 46B (incompetency to stand trial) of the Texas Code of Criminal Procedure. He testified that J.M. had been diagnosed with schizophrenia, paranoid type, and he requested the trial court to compel J.M. to take psychoactive medications including antidepressants, anxoilytics/sedatives/hypnotics, antipsychotics, and mood stabilizers. According to Bouchat, J.M. refused to take the medications voluntarily and, in his opinion, J.M. lacked the capacity to make a decision regarding administration of psychoactive medications because he was delusional and devoid of insight.

Bouchat concluded that these medications were the proper course of treatment for J.M. and that, if he were treated with the medications, his prognosis would be fair. Bouchat believed that, if J.M. were not administered these medications, the consequences would be agitation,

aggression, and increased psychosis. Bouchat considered other medical alternatives to psychoactive medications, but determined that those alternatives would not be as effective. He believed the benefits of the psychoactive medications outweighed the risks in relation to present medical treatment and J.M.'s best interest. Bouchat also considered less intrusive treatments likely to secure J.M.'s agreement to take psychoactive medications.

On April 16, 2013, the trial court held a hearing on the application. At the close of the evidence, the trial court granted the application. On that same date, after considering all the evidence, including the application and the expert testimony, the trial court found that the allegations in the application were true and correct and supported by clear and convincing evidence. Further, the trial court found that J.M. lacked the capacity to make a decision regarding administration of the medications and that treatment with the proposed medications was in J.M.'s best interest. The trial court also found that J.M. presented a danger to himself or others in the inpatient mental health facility and that treatment with the proposed medications was in J.M.'s best interest. The trial court authorized the Department to administer psychoactive medications to J.M., including antidepressants, antipsychotics, mood stabilizers, and anxiolytics/sedatives/hypnotics. This appeal followed.

## ISSUE ON APPEAL

On appeal, J.M. frames his issue by stating generally that the evidence is legally and factually insufficient to support the trial court's order. However, in his argument, he contends only that the trial court's finding that he presented a danger to himself or others in the inpatient mental health facility is not supported by clear and convincing evidence.

An appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see, e. g.*, *Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied). In other words, where a judgment may rest upon more than one ground, the appealing party must challenge each ground or the judgment will be affirmed on the ground about which no complaint is made. *Humphries v. Advanced Print Media*, 339 S.W.3d 206, 208 (Tex. App.—Dallas 2011, no pet.); *Britton*, 95 S.W.3d at 681. This rule is based on the premise that an appellate court normally cannot alter an erroneous judgment in favor of a civil appellant who does not challenge that error on appeal. *See*

*Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993); *Yazdchi v. Bennett*, No. 01-04-01057-CV, 2006 WL 1028373, at *1 (Tex. App.—Houston [1st Dist.] Apr. 20, 2006, no pet.) (mem. op.). If an independent ground is of a type that could, if meritorious, fully support the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we must accept the validity of that unchallenged independent ground. *Britton*, 95 S.W.3d at 681; *Yazdchi*, 2006 WL 1028373, at *1. Thus, any error in the grounds challenged on appeal is harmless because the unchallenged independent ground could, if meritorious, fully support the complained-of ruling or judgment. *Britton*, 95 S.W.3d at 681; *Yazdchi*, 2006 WL 1028373, at * 1.

Here, J.M. did not attack the trial court's other independent ground for granting the Department's application, i.e., that J.M. lacked the capacity to make a decision regarding administration of the medications and that treatment with the proposed medications was in J.M.'s best interest. This ground could, if meritorious, fully support the trial court's order. *See Britton*, 95 S.W.3d at 681; *Yazdchi*, 2006 WL 1028373, at * 1. Accordingly, we overrule J.M.'s sole issue.

### DISPOSITION

Having overruled J.M.'s sole issue, we *affirm* the trial court's order.

### SAM GRIFFITH
Justice

Opinion delivered July 17, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 17, 2013**

**NO. 12-13-00129-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF J.M.**

Appeal from the County Court at Law

of Cherokee County, Texas. (Tr.Ct.No.40,308)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order to administer psychoactive medication-forensic of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

# THE STATE OF TEXAS
# M A N D A T E

*********************************************


**TO THE COUNTY COURT AT LAW of CHEROKEE COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 17th day of July, 2013, the cause upon appeal to revise or reverse your judgment between

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF J.M.**

**NO. 12-13-00129-CV; Trial Court No. 40,308**

Opinion by Sam Griffith, Justice.


was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order to administer psychoactive medication-forensic of the court below be in all things **affirmed**, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201____.

CATHY S. LUSK, CLERK


By:_____
    Deputy Clerk