

# NUMBER 13-13-00674-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MARIA PEREZ-MONTES,** **Appellant,**

**v.**

**LIVE OAK CONSTRUCTION, INC.,** **Appellee.**

### On appeal from the County Court at Law No. 3 of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

This appeal arises from the granting of both no-evidence and traditional motions for summary judgment in favor of appellee Live Oak Construction, Inc. (Live Oak) and against appellant Maria Perez-Montes, in a suit alleging claims for breach of contract and breach of warranty. Perez-Montes has brought a single issue on appeal, challenging the

granting of Live Oak's traditional motion for summary judgment on limitations grounds. We affirm the judgment of the trial court.

## I. BACKGROUND[1]

On April 12, 2005, Perez-Montes contracted with Live Oak for the building of a custom residence. On May 16, 2006, the residence was transferred to Perez-Montes via a general warranty deed, and she began occupying the premises in May of 2006. Perez-Montes asserted that in July 2006 she began having condensation problems with the air conditioner at her residence. She further asserted that she had repeated contact with agents for Live Oak regarding the problems with the unit and received assurances that the problems would be remedied. Perez-Montes brought suit against Live Oak in December of 2011, alleging claims of breach of contract, breach of implied warranty, and breach of express warranty for the defective construction of her new home.

After engaging in a lengthy discovery process, Live Oak filed traditional and no-evidence motions for summary judgment.[2] Live Oak asserted in its no-evidence motion for summary judgment that Perez-Montes had failed to provide any evidence in support of at least one element for each of her three causes of action. In its traditional motion, Live Oak asserted that Perez-Montes's breach of contract and warranty claims failed because the claims were filed beyond the limitations period, the claims did not comply with the exclusive remedy provisions of the Texas Residential Construction Commission

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4 (West, Westlaw through 2013 3d C.S.)

[2] Live Oak filed its original motion for summary judgment on July 22, 2013 and filed amended motions for no-evidence and traditional summary judgment on July 23, 2013.

2

Act (TRCCA), and the alleged defect did not meet the statutory definition contained in the TRCCA.[3] It further argued in the alternative that summary judgment was appropriate in the event the RCLA applied because it applied the same definition of defect as found in the TRCCA and did not provide any extensions to the applicable limitations period.

## II. DISCUSSION

By her sole issue on appeal, Perez-Montes complains that Live Oak cannot rely on the four-year statute of limitations defense because Live Oak is estopped from asserting it. In Live Oak's response, it correctly notes that Perez-Montes does not raise any issue or make any argument regarding the trial court's final judgment granting Live Oak's no-evidence motion for summary judgment that addressed the elements of Perez-Montes's claims against Live Oak. We agree with Live Oak.

When a judgment may rest upon more than one ground, an appellant who does not challenge each ground supporting the judgment waives any right to complain of the ruling to which no error was assigned, and the judgment will be affirmed on the ground as to which no complaint is made. *Jack v. Holiday World of Houston,* 262 S.W.3d 42, 49–50 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Humphries v. Advanced Print Media,* 339 S.W. 3d 206, 208 (Tex. App.—Dallas 2011, no pet.); *see also Haubold v. Med. Carbon Research Inst., LLC,* No. 03-11-00115-CV, 2014 WL 1018008, at *3 (Tex. App.—Austin March 14, 2014, no pet.) (mem. op.). This rule is based on the premise that an appellate court cannot address an erroneous judgment for a reason that was not

---

[3] There was some dispute in the trial court as to whether the TRCCA or the Residential Construction Liability Act (RCLA) applied to the residential construction at issue. Because the issue is immaterial to our determination of the matter, we do not reach it. *See* TEX. R. APP. P. 47.1.

raised via a point of error on appeal. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex. 1993). "If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Jack v. Holiday World of Houston,* 262 S.W.3d 42, 49–50 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Haubold,* 2014 WL 1018008, at *3.

Live Oak's hybrid motion for summary judgment set forth multiple grounds for relief. The order granting Live Oak summary judgment specifically stated that both Live Oak's traditional and no-evidence motions were granted in all respects. Though Perez-Montes responded in the trial court to the summary judgment motions filed by Live Oak, on appeal she only challenges the application of the statute of limitations to bar her claims against Live Oak. She did not raise any issue addressing the grant of Live Oak's no-evidence motion for summary judgment.

Because we find that Live Oak's no-evidence motion for summary judgement could, if meritorious, fully support the judgment, and because Perez-Montes raised no issue on that motion, we accept the validity of the unchallenged ground for granting the summary judgment against Perez-Montes and determine any error on appeal is harmless.[4] We overrule Perez-Montes's sole issue on appeal.

---

[4] This Court has not made a determination of error because such determination is not necessary to affirm the judgment below. *See* Tex. R. App. P 47.1

4

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ

Justice

Delivered and filed the
14th day of May, 2015.