**AFFIRM; and Opinion Filed April 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01311-CV

### THE BURRESCIA FAMILY REVOCABLE LIVING TRUST, Appellant
### V.
### CITY OF DALLAS, Appellee

**On Appeal from the County Court at Law No. 5
Dallas County, Texas
Trial Court Cause No. CC-13-00466-E**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Stoddart
Opinion by Justice Fillmore

The Burrescia Family Revocable Living Trust (the Trust) appeals a jury's condemnation award in connection with the taking by eminent domain of a tract of real property by the City of Dallas (the City). In a single point of error, the Trust asserts the trial court erred in admitting testimony of one of the City's expert witnesses on a subject not disclosed in response to a request for disclosure under rule of civil procedure 194.2(f). We affirm the trial court's judgment.

**Background**

The City sought to acquire title to a 50.46 acre tract of real property owned by the Trust (the Tract) for "construction, use and maintenance of a park and for any other municipal purpose." When it became apparent the Trust and the City could not agree upon a purchase price for the Tract, the City filed a condemnation proceeding in the trial court. Special commissioners appointed by the trial court assessed $385,000 as the damages occasioned by the taking of the

Tract, and the Trust filed an objection to the special commissioners' award. The City deposited $385,000 with the registry of the trial court, and the Trust withdrew that amount from the registry of the court. *See State v. Jackson*, 388 S.W.2d 924, 925–26 (Tex. 1965) (when amount of special commissioners' award deposited by condemnor into registry of court is withdrawn by condemnee, issue for litigation is not whether taking of property was lawful, but rather the amount of adequate compensation).

At the subsequent trial to determine the Trust's adequate compensation for the taking of its property, the jury found the fair market value of the Tract on the date of the taking was $329,290.[1] Because the amount of the special commissioners' award exceeded the amount the jury determined to be the fair market value of the Tract, the trial court signed a judgment in favor of the City for the difference, which was $55,710. The Trust's motion for new trial was denied, and it filed this appeal of the trial court's judgment.

### Testimony Admitted at Trial

In its sole point of error, the Trust argues the trial court reversibly erred when Steve Parker, one of the City's expert witnesses, was allowed to testify on a subject not disclosed in response to a request for disclosure under rule of civil procedure 194.2(f).[2]

---

[1] The jury's determination of fair market value of the Tract was exactly the value indicated in 2014 records of the Dallas Central Appraisal District, which the City offered and the trial court admitted into evidence without objection.

[2] Rule of civil procedure 194.2(f) provides a party may request disclosure of any or all of the following for any testifying expert:

(1) the expert's name, address, and telephone number;
(2) the subject matter on which the expert will testify;
(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:
(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
(B) the expert's current resume and bibliography[.]

TEX. R. CIV. P. 194.2(f).

*Standard of Review*

The admission or exclusion of evidence by a trial court is reviewed under an abuse of discretion standard. *See Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber L.L.C.*, 386 S.W.3d 256, 262 (Tex. 2012); *Estate of Finney*, 424 S.W.3d 608, 612 (Tex. App.—Dallas 2013, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, that is, when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Medicus Ins. Co. v. Todd*, 400 S.W.3d 670, 681 (Tex. App.—Dallas 2013, no pet.). For the admission of evidence to constitute reversible error, the complaining party must show that the trial court committed error and that the error probably caused the rendition of an improper judgment. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). "Typically, a successful challenge to a trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted." *Dallas Cty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 35 (Tex. App.—Dallas 2012, pet. denied). When determining whether the admitted evidence probably resulted in the rendition of an improper judgment, we review the entire record. *Id.* We must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Erroneous admission of evidence is harmless if it is merely cumulative. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004); *State v. Johnson*, 444 S.W.3d 62, 79 (Tex. App.—Dallas 2014, pet. denied).

*Discussion*

Compensation for land taken by eminent domain is measured by the market value of the land at the time of the taking. *Enbridge G&P (E. Tex.) L.P. v. Samford*, 470 S.W.3d 848, 857 (Tex. App.—Tyler 2015, no pet.); *see also* TEX. CONST. art. I, § 17 (guaranteeing "adequate

compensation" to landowners whose property is condemned). "Market value" is "the price the property will bring when offered for sale by one who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity of buying." *City of Harlingen v. Estate of Sharboneau*, 48 S.W.3d 177, 182 (Tex. 2001) (quoting *State v. Carpenter*, 126 Tex. 604, 89 S.W.2d 979, 979 (1936)); *City of Sherman v. Wayne*, 266 S.W.3d 34, 47 (Tex. App.— Dallas 2008, no pet.). The three traditional approaches to determination of market value are the comparable sales method, the cost method, and the income method. *Estate of Sharboneau*, 48 S.W.3d at 182 (citing *Religious of the Sacred Heart of Tex. v. City of Houston*, 836 S.W.2d 606, 615–17 & n.14 (Tex. 1992)); *Wayne*, 266 S.W.3d at 47.[3] "Under a comparable sales analysis, the appraiser finds data for sales of similar property, then makes upward or downward adjustments to these sales prices based on differences in the subject property." *Estate of Sharboneau*, 48 S.W.3d at 182; *Collin Cty., Tex. v. Hixon Family P'ship*, 365 S.W.3d 860, 869– 70 (Tex. App.—Dallas 2012, pets. denied) (quoting *Estate of Sharboneau*, 48 S.W.3d at 182).

The Trust designated appraiser Brian E. Shuler to testify regarding his opinion of the fair market value of the Tract at the time of the taking by the City. In response to the Trust's request for disclosure under rule of civil procedure 194.2(f) regarding any testifying expert, the City's expert witness designation included both Parker and independent appraiser Joseph A. Dengel. Parker's expert designation included the following disclosure by the City:

> Mr. Parker is a program manager with the Trinity [W]atershed Management Department. He may be called to testify concerning floodplain issues and development limitations for properties within the floodplain. He may also give opinions on any other matters that arise during the course of his testimony for which he is qualified to give an opinion. Mr. Parker has not prepared a report, nor has he been asked to prepare one. As an employee of the City of Dallas, he does not have a resume, but he is a licensed Professional Engineer in the State of Texas.

---

[3] In certain circumstances, a fourth method, the subdivision development method, may also be used. *Wayne*, 266 S.W.3d at 48.

Dengel's expert designation included the following disclosure by the City:

> Mr. Dengel is an independent fee appraiser and may be called to testify concerning the market value of the whole property. He may be called to testify as an expert witness concerning the general characteristics of the subject property and subject neighborhood, his opinions as to the highest and best use and the reasonable market value of the whole property. He may testify regarding any other information that is pertinent to his opinions of highest and best use, valuation, and just compensation. He may also be called to testify concerning any market data and trends, relevant market sales or leases, or any other relevant valuation information or testimony that may be raised at any time during these proceedings. He may also give opinions on any other matters that arise during the course of his testimony for which he is qualified to give an opinion. Mr. Dengel's appraisal report is being produced with these responses. Mr. Dengel's working file will be produced or can be viewed and copied through oral deposition or at a mutually agreed upon date and time prior to his deposition. A copy of his resume is included in his appraisal report.

Prior to testimony at trial, the trial court considered the Trust's motion in limine of "[a]ny question or comment to or by the City of Dallas' witnesses that criticizes Brian Shuler's appraisal and work product, because no rebuttal information was provided." The trial court indicated it would hear Shuler's testimony before ruling outside the presence of the jury on this motion in limine.

Shuler testified he analyzed sales of three comparable properties in formulating his opinion concerning the fair market value of the Tract at the time of the taking. Shuler testified the third property he considered as a comparable property (Sale 3) closely resembled the Tract because both properties were located entirely within a floodplain.[4] Shuler believed the Sale 3 property was the most comparable of the three properties he considered as comparable sales, and he placed eighty-five percent weight on the indicated value of the Sale 3 property in reaching his opinion regarding the fair market value of the Tract at the time of the taking. The Sale 3 property sold for $9,250 per acre in February 2008. In Shuler's opinion, the fair market value of

---

[4] Tony Burrescia, a representative of the Trust, also testified that the Tract was within a floodplain.

the Tract on the day of taking by the City was $10,500 per acre, with a total fair market value of $529,830.

On cross-examination by the City, Shuler testified that he utilized a 1983 flood map to ascertain that the Sale 3 property was located completely within the floodplain at the time of its February 2008 sale. Although he testified that if one of his comparable sales was incorrect or inaccurate, it would not "terribly" change his valuation of the Tract's fair market value at the time of taking, he stated he did not know if his opinion of the Tract's fair market value would change if it was proven that Sale 3 was one hundred percent outside the floodplain at the time of its February 2008 sale.

After it rested its case-in-chief, and outside the presence of the jury, the Trust reurged its objection to the City criticizing or attempting to impeach Shuler's work product through its witnesses. Its objection was based on the City's purported failure to include in its expert witness designation a notification that the expert would rebut or criticize Shuler's work product. The City responded that the information it provided as to "the subject matter on which the expert will testify" under rule of civil procedure 194.2(f)(2) specifically stated the experts "may also give opinions on any other matters that arise during the course of [their] testimony for which [they are] qualified to give an opinion." The trial court overruled the Trust's objection.

Parker, a licensed professional engineer and program manager in the City's Trinity Watershed Management Department, testified he is familiar with flood maps of the area prepared by the Federal Emergency Management Agency (FEMA). Parker testified that, after looking at the most recent FEMA flood map and an older 2001 FEMA flood map encompassing the property selected by Shuler as comparable Sale 3, Parker determined the Sale 3 property was not within the 100 year floodplain at the time of its February 2008 sale. Prior to the February 2008

sale, a levee was constructed around the land comprising the Sale 3 property, and following construction of the levee, the land was no longer located within the floodplain.[5]

Following the jury's verdict and the trial court's entry of judgment, the Trust filed a motion for new trial complaining of Parker's testimony that the Sale 3 property was outside the floodplain at the time of its February 2008 sale. The Trust complained that, in response to its request for disclosure under rule of civil procedure 194.2(f), the City had not disclosed either Parker's opinion that the Sale 3 property was outside the floodplain at the time of its February 2008 sale or the basis for such an opinion. The trial court denied the Trust's motion for new trial. On appeal, the Trust again complains the trial court erred by admitting Parker's testimony that the Sale 3 property was located outside the floodplain at the time of its February 2008 sale.

Assuming, without deciding, that the trial court erred by overruling the Trust's objection to Parker's testimony criticizing or impeaching Shuler's testimony regarding the location of the Sale 3 property within the floodplain, any error was harmless. Parker's testimony regarding the location of the Sale 3 property outside the floodplain at the time of its February 2008 sale was cumulative of Dengel's testimony, and the Trust does not complain on appeal about the trial court's admission of Dengel's testimony criticizing or impeaching Shuler's testimony.[6] Dengel, a real estate appraiser, broker, and tax consultant, testified at trial that the Tract is located one hundred percent within the floodplain, and that no portion of the Sale 3 property, classified by Shuler as a comparable sale, was located within the floodplain at the time of its February 2008

---

[5] The Trust did not object to Parker's testimony that the comparable Sale 3 property was outside the floodplain at the time of its sale in February 2008. However, we note that no such objection was necessary after the trial court, in a hearing outside the presence of the jury, overruled the Trust's objection to the City's witnesses criticizing or attempting to impeach Shuler's work product. Rule of civil procedure 103(b) provides, "When the court hears a party's objections outside the presence of the jury and rules that evidence is admissible, a party need not renew an objection to preserve a claim of error for appeal." TEX. R. CIV. P. 103(b).

[6] Like its motion for new trial, the Trust complains only of Parker's testimony in its issue on appeal. The Trust addressed Dengel's testimony in its reply brief only after the City argued in its appellee's brief that Dengel's testimony was cumulative of Parker's testimony that the Sale 3 property was outside the floodplain at the time of its February 2008 sale and that the Trust had not challenged the trial court's admission of Dengel's testimony on appeal. In general, an issue raised for the first time in a reply brief may not be considered. *See Humphries v. Advanced Print Media*, 339 S.W.3d 206, 208 (Tex. App.—Dallas 2011, no pet.); *Dallas Cty. v. Gonzales*, 183 SW.3d 94, 104 (Tex. App.—Dallas 2006, pets. denied) ("The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by the appellant's original brief.").

sale. Dengel testified that the three sales Shuler relied upon in his comparable sales analysis had "highest and best uses"[7] different from the properties relied upon in Dengel's comparable sales analysis, which accounted for the discrepancy in their opinions of the fair market value of the Tract. Parker's complained-of testimony was harmless given that Dengel also testified the Sale 3 property was not located within the floodplain at the time of its February 2008 sale, and the Trust did not raise the admission of Dengel's testimony as a point of error on appeal. *See Nissan Motor Co.*, 145 S.W.3d at 144; *Johnson*, 444 S.W.3d at 79. Futher, the jury's determination of market value of the Tract does not appear to have turned on Parker's testimony. The jury's determination of market value of the Tract was exactly the value indicated in 2014 records of the Dallas Central Appraisal District, which the City offered and the trial court admitted into evidence without objection. *See Crestview Corners Carwash*, 370 S.W.3d at 35.

Assuming admission of Parker's testimony that the comparable Sale 3 property was located outside the floodplain at the time of its sale in February 2008 was error, it was harmless and did not result in rendition of an improper judgment. We resolve the Trust's sole issue against it. Accordingly, we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

141311F.P05

---

[7] "Highest and best use" is "the reasonably probable and legal use of vacant land or an improved property, which is physically possible, appropriately supported, financially feasible and that results in the highest value." *Samford*, 470 S.W.3d at 857 (quoting *City of Sugar Land v. Home & Hearth Sugarland, L.P.*, 215 S.W.3d 503, 511 (Tex. App.—Eastland 2007, pet. denied)).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE BURRESCIA FAMILY
REVOCABLE LIVING TRUST, Appellant

No. 05-14-01311-CV     V.

CITY OF DALLAS, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas,
Trial Court Cause No. CC-13-00466-E.
Opinion delivered by Justice Fillmore,
Justices Bridges and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee The City of Dallas recover its costs of this appeal from appellant The Burrescia Family Revocable Living Trust.

Judgment entered this 7th day of April, 2016.