

# NUMBER 13-23-00303-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

VIJAY SOOKDIAL,                                                          Appellant,

v.

VALLEY LAND TITLE
COMPANY, LTD,                                                          Appellee.

## ON APPEAL FROM THE 139TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and Cron
Memorandum Opinion by Justice Cron**

Appellant Vijay Sookdial appeals the trial court's order granting appellee Valley Land Title Company's ("VLT") combined traditional and no-evidence motion for summary judgment. By two issues, which we construe as one, Sookdial argues that the trial court erred by granting summary judgment. We affirm.

# I.   BACKGROUND

In his third amended petition, Sookdial alleged he had engaged the services of realtor Beatriz Martinez for an all-cash purchase of a residence in Edinburg, Texas. VLT was the title company chosen to facilitate the purchase. On November 5, 2018, Martinez emailed Sookdial "wiring instructions" to deposit an "earnest money payment" of $1,100. On that same day, Sookdial wired the payment and entered a contract for purchase of the subject property.

On November 6, 2018, Sookdial received instructions from Martinez via email to wire $161,900 to SunTrust Bank "for the closing." Sookdial wired $161,900 to SunTrust Bank. According to Sookdial, Martinez's email had been "hacked" and these wiring instructions for SunTrust Bank were fraudulent. Sookdial also alleged that the $161,900 sum was later withdrawn by thieves who controlled the SunTrust Bank account before he discovered the fraud.

According to Sookdial, "[i]t is standard practice for . . . title companies to warn buyers of possible hazards of transferring money by wire, and to implement safeguards to protect against wire fraud." Sookdial alleged that VLT breached its fiduciary duty of due care "when it failed to initially and directly contact and confirm [Sookdial] received the correct wiring instructions before the closing, or indeed, to ever make any direct contact with him even once, to confirm he had received proper instructions regarding wiring of the closing funds." Sookdial further alleged that VLT breached its duty of due care when its employee, Mike Chapa, sent unencrypted wiring instructions and emails to Martinez.

2

On March 13, 2023, VLT filed its combined traditional and no-evidence motion for summary judgment on Sookdial's breach of fiduciary duty claims with attached exhibits. In its motion, VLT argued that Sookdial's breach of fiduciary duty claims were barred because VLT did not owe any of the fiduciary duties alleged by Sookdial. VLT further argued that Sookdial lacked evidence to prove his breach of fiduciary duty claim, specifically the existence of a fiduciary duty, breach of a duty, and causation elements. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (setting forth the elements of a breach of fiduciary duty claim). VLT's summary judgment evidence included the contract for the purchase of the residence, Sookdial's third amended petition, an email string between Sookdial and Martinez, an expert report, and a transcript of Sookdial's deposition testimony.

On March 15, 2023, Sookdial filed his fourth amended petition. On April 19, 2023, Sookdial filed a response with attached exhibits to VLT's combined summary judgment motion. Sookdial's summary judgment evidence included two case law printouts, the contract for the purchase of the residence, his fourth amended petition, an undated document by VLT warning of wire fraud, and an affidavit by Sookdial. Sookdial argued in his response that VLT had the "duty to exercise [a] high degree of care to warn . . . Sookdial of possible wire fraud" and that "Chapa, as agent for . . . [VLT], breach[ed] his fiduciary duty to exercise a high degree of care in handling [Sookdial's] money once [VLT] accepted the earnest monies and the [r]esidential [c]ontract[.]"

On April 25, 2023, VLT filed a reply to Sookdial's response as well as objections to some of Sookdial's summary judgment evidence. Specifically, VLT raised objections to

Sookdial's fourth amended petition, the undated document by VLT warning of wire fraud, and certain statements from Sookdial's affidavit.

On April 28, 2023, the trial court signed an order granting VLT's combined motion for summary judgment. In the same order, the trial court granted VLT's objections to Sookdial's summary judgment evidence. This appeal ensued.[1]

## II.  SUMMARY JUDGMENT

### A.  Standard of Review & Applicable Law

We perform a de novo review of an order granting a motion for summary judgment. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). Usually, when a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion. *Parker*, 514 S.W.3d at 219. However, when both parties present evidence on a hybrid motion for summary judgment, as here, the differing burdens are immaterial and "the ultimate issue is whether the nonmovant raised a fact issue to preclude summary judgment." *Fossil Grp., Inc. v. Harris*, 691 S.W.3d 874, 882 (Tex. 2024); *see Buck v. Palmer*, 381 S.W.3d 525, 527 & n.2 (Tex. 2012) (per curiam); *see also Draughon v. Johnson*, 631 S.W.3d 81, 88 n.2 (Tex. 2021) ("Parties may combine traditional and no-evidence motions in a single hybrid filing and attach evidence so long as they clearly set forth their grounds and otherwise meet the requirements for each motion.").

---

[1] We note that Sookdial does not raise any issues on appeal regarding the trial court's grant of VLT's objections to Sookdial's summary judgment evidence.

4

Accordingly, we do not segregate our review to address the different burdens associated with each type of motion for summary judgment, and in conducting our de novo review, we will review the full summary judgment record to determine whether fact issues exist, considering only the evidence admitted by the trial court and not the excluded evidence. *See Tex. Dep't of Motor Vehicles v. Bustillos*, 630 S.W.3d 316, 331 (Tex. App.—El Paso 2021, no pet.); *Tawil v. Cook Child.'s Healthcare Sys.*, 582 S.W.3d 669, 686 (Tex. App.—Fort Worth 2019, no pet.). A fact issue exists if there is more than a scintilla of probative evidence. *See Palmer*, 381 S.W.3d at 527; Tex. R. Civ. P. 166a(c), (i). "[T]o determine if a fact issue exists, we examine the evidence in the light most favorable to the nonmovant, indulging reasonable inferences and resolving any doubts against the moving party." *Fossil Grp., Inc.*, 691 S.W.3d at 882; *see Scripps NP Operating, LLC*, 573 S.W.3d at 790; *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). "In reviewing a summary judgment, we consider all grounds presented to the trial court and preserved on appeal in the interest of judicial economy." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Parties must provide citations to the record evidence that supports their argument; trial and appellate courts are not required to sift through the evidence in search of support for the nonmovant's argument that a fact issue exists. *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 230 (Tex. App.—Austin 2018, no pet.); *Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied).

A claim for breach of fiduciary duty requires proof of (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages. *Parker*, 514 S.W.3d at 220.

## B.      Discussion

When a judgment may rest upon more than one ground, an appellant who does not challenge each ground supporting the judgment waives any right to complain of the ruling to which no error was assigned, and the judgment will be affirmed on the ground as to which no complaint is made. *Jack v. Holiday World of Hous.*, 262 S.W.3d 42, 49–50 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Humphries v. Advanced Print Media*, 339 S.W.3d 206, 208 (Tex. App.—Dallas 2011, no pet.); *see also Haubold v. Med. Carbon Research Inst., LLC*, No. 03–11–00115–CV, 2014 WL 1018008, at *3 (Tex. App.—Austin March 14, 2014, no pet.) (mem. op.). This rule is based on the premise that an appellate court cannot address an erroneous judgment for a reason that was not raised via a point of error on appeal. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993).

> If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.

*Jack*, 262 S.W.3d at 49–50; *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Haubold*, 2014 WL 1018008, at *3.

VLT's hybrid motion for summary judgment set forth multiple grounds for relief. In particular, VLT's motion raised no-evidence challenges to the following elements of Sookdial's breach of fiduciary duty claim: existence of a fiduciary duty, breach of the duty,

6

and causation. *See Parker*, 514 S.W.3d at 220. The order granting VLT's hybrid summary judgment specifically stated,

> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that [VLT's] Traditional and No Evidence Motion for Summary Judgment on Breach of Fiduciary Duty is hereby GRANTED, and that [Sookdial's] claims and causes of action against [VLT] are hereby DISMISSED WITH PREJUDICE, and that [Sookdial] TAKE NOTHING on the claims and causes of action asserted against [VLT].
>
> . . . .
>
> All relief not expressly granted herein is denied. This final summary judgment disposes of all claims between [Sookdial] and [VLT], and is a final appealable order.

Because the trial court's order did not specify the ground upon which it relied when granting VLT's hybrid motion, Sookdial was obligated to illustrate that none of the grounds alleged in the motion supported the judgment. *See Jack*, 262 S.W.3d at 49–50; *Humphries*, 339 S.W.3d at 208; *see also Haubold*, 2014 WL 1018008, at *3.

On appeal, Sookdial does not raise any issue addressing VLT's no-evidence challenge to the causation element of his breach of fiduciary duty claim. We also note that Sookdial's response to VLT's hybrid summary judgment motion did not expressly and specifically identify any supporting evidence to raise a fact issue regarding the causation element of his breach of fiduciary duty claim. *See Boeker v. Syptak*, 916 S.W.2d 59, 61 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("A party must expressly and specifically identify the supporting evidence on file which it seeks to have considered by the trial court."); *see also* TEX. R. CIV. P. 166a(i) cmt. ("To defeat a [no-evidence summary judgment] motion made under paragraph (i), the respondent is not required to marshal its

proof; its response need only point out evidence that raises a fact issue on the challenged elements.").

Because we find that VLT's no-evidence challenge to the causation element of Sookdial's breach of fiduciary duty claim could fully support the judgment, and because Sookdial raises no issue on appeal regarding VLT's no-evidence challenge to the causation element of his breach of fiduciary claim, we accept the validity of the unchallenged ground for granting the summary judgment against Sookdial and determine any error on appeal is harmless.[2] *See Jack*, 262 S.W.3d at 49–50; *Britton*, 95 S.W.3d at 681; *see also Haubold*, 2014 WL 1018008, at *3. We overrule Sookdial's sole issue on appeal.

JENNY CRON
Justice

Delivered and filed on the
6th day of March, 2025.

---

[2] This Court has not made a determination of error because such determination is not necessary to affirm the judgment below. *See* TEX. R. APP. P. 47.1.