**Jitendra K. RAVANI, Appellant**

v.

**James R. VAUGHT and O'Neal Steel, Inc., Appellees.**

No. 05–06–00855–CV.

Court of Appeals of Texas, Dallas.

Aug. 16, 2007.

Diamond J. Pantaze, Diamond J. Pantaze, P.C., Dallas, for Appellant.

Dana Ryan, Law Offices of Chad M. Neuens, Richardson, for Appellees.

Before Justices MOSELEY, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice BRIDGES.

In two issues, appellant contends the trial court erred in granting appellees' motions for directed verdict on appellant's negligence and negligent entrustment claims arising out of an automobile collision. We affirm.

### Background

On February 2, 2004, appellant was traveling west on Interstate 635 when he was involved in a three-car accident. Hung Quoc Vu, who was also involved in the accident, sued both appellant and appellees, alleging James Vaught collided with Vu's vehicle after taking evasive measures to avoid appellant's vehicle that had crossed into Vaught's lane. Vu also alleged O'Neal Steel, Inc. negligently entrusted the vehicle to Vaught. Appellant filed a cross-claim against appellees, contending Vaught negligently failed to remain in his lane and that O'Neal negligently entrusted the vehicle to Vaught. Vu settled his claims prior to trial.

Appellant proceeded to trial on his cross-claim. After appellant rested his case-in-chief, appellees moved for directed verdict, asserting there was no evidence Vaught was the driver of the truck in-

volved in the accident or that O'Neal owned the vehicle, employed Vaught, or was negligent. The trial court granted the motions.

Appellant filed a motion for new trial, arguing the trial court erred in granting the motions for directed verdict because the evidence raised a fact issue concerning Vaught's identity and O'Neal's counsel had stipulated Vaught was acting in the course and scope of his employment. The trial court denied the motion.

## Jurisdiction

On March 21, 2006, the trial court entered final judgment that appellant take nothing on his claims against Vaught and O'Neal. Appellant filed a motion for new trial on April 20, 2006. The trial court denied the motion for new trial on June 2, 2006, and appellant filed a notice of appeal on June 19, 2006. Appellees contend we lack jurisdiction to consider this appeal because appellant never paid the filing fee for the motion for new trial. *See* TEX. GOV'T CODE ANN. § 51.317(b)(2) (Vernon Supp.2006) (requiring district clerk to collect $15 filing fee for motion for new trial).

A motion for new trial is conditionally filed if tendered without the requisite fee, and appellate deadlines are extended by the filing of the motion. *Garza v. Garcia,* 137 S.W.3d 36, 37–38 (Tex.2004). Accordingly, appellant had ninety days from the date of final judgment to file a notice of appeal. TEX.R.APP. P. 26.1(a)(1). Appellant's notice of appeal was timely filed, and we have jurisdiction over this appeal.

## Standard of Review

In reviewing the grant of a directed verdict, we follow the standards for assessing the legal sufficiency of the evidence. *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005); *Byrd v. Dela-*

*sancha,* 195 S.W.3d 834, 836 (Tex.App.-Dallas 2006, no pet.). We must credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *City of Keller,* 168 S.W.3d at 827. The trial court may direct a verdict when the plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery or when the plaintiff admits or the evidence conclusively establishes a defense to the plaintiff's cause of action. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex.2000).

## Analysis

In his first issue, appellant asserts the trial court erred in granting a directed verdict for Vaught because there was sufficient evidence to raise an issue of fact regarding whether Vaught was the driver of the truck involved in the accident. In order to recover under a negligence theory, appellant was required to establish Vaught owed appellant a duty, the breach of which caused appellant's injuries. *See Sw. Key Program, Inc. v. Gil–Perez,* 81 S.W.3d 269, 273–74 (Tex.2002) (to recover under negligence theories, plaintiff must establish defendant owed a duty and the breach of the duty caused injury). However, as to the identity of the truck driver involved in the accident, appellant testified "[a]nd as this curved right here, I'm taking this truck driver, Mr. Vu. This is my car he—he came straight in and hit me." Appellant's counsel next asked whether appellant "talk[ed] to Mr. Vaught." Appellant responded, "I didn't. He didn't come out of the truck." Appellant's counsel then asked "[a]nd did you talk to the other individual involved in the accident, Mr. Vu?" Appellant responded "[n]o, I didn't talk to—Mr. Vu? I forgot his name." Appellant's counsel indicated "Mr. Vaught is

here." Appellant stated "Mr. Vaught, I didn't talk to him. I talked to Mr. Vu."

 Appellant testified Vu was the driver of the truck, appellant did not talk to Vaught, and Vaught did not get out of the truck. Appellant did not identify Vaught as the driver of the truck involved in the accident. Accordingly, there was no probative evidence Vaught owed appellant a duty, and the trial court did not err in granting Vaught's motion for directed verdict. Therefore, we overrule appellant's first issue.

In his second issue, appellant asserts the trial court erred in granting the directed verdict for O'Neal because "its counsel agreed to stipulate that Vaught was acting at the time within the course and scope of his employment" and the directed verdict should be reversed "[i]n view of the stipulation/judicial admission." The stipulation does not appear in the record. However, the trial court indicated O'Neal's counsel had earlier agreed to stipulate to "course and scope."

The only cause of action appellant alleged against O'Neal was negligent entrustment. To establish liability under a negligent entrustment theory, appellant was required to show: (1) O'Neal entrusted the vehicle to Vaught; (2) Vaught was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, O'Neal knew or should have known that Vaught was an unlicensed, incompetent, or reckless driver; (4) Vaught was negligent on the occasion in question; and (5) Vaught's negligence proximately caused the accident. *Goodyear Tire & Rubber Co. v. Mayes,* No. 04–0993, 2007 WL 1713400, at *3, —— S.W.3d ——, —— (Tex. June 15, 2007) (per curiam). Whether Vaught was acting in the course and scope of his employment was not relevant to appellant's negligent entrustment claim.

*Green v. Ransor, Inc.,* 175 S.W.3d 513, 518–19 (Tex.App.-Fort Worth 2005, no pet.). Therefore, even assuming O'Neal's counsel stipulated Vaught was in the course and scope of his employment, the stipulation would not be evidence in support of appellant's negligent entrustment claim. Accordingly, we overrule appellant's second issue.

We affirm the trial court's judgment.