

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00445-CV

---

### IN THE INTEREST OF J.Z.P. AND J.Z.P., MINOR CHILDREN

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 60909-B, Honorable John B. Board, Presiding

---

October 3, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Vicky De La Cruz, attempts to appeal from the trial court's letter ruling denying her motion for reconsideration of an oral denial of her "Motion to Reopen and to Vacate Order" that requested the trial court vacate its prior order of modification in a suit affecting parent-child relationship. We will dismiss for lack of jurisdiction.

**Factual and Procedural Background**

In November of 2009, Vicky De La Cruz and Josue Pena were divorced when the trial court entered its Final Decree of Divorce. By this decree, the trial court granted Vicky the exclusive right to determine the primary residence of the couple's two children

limited to Potter and Randall counties.  However, due to the elimination of her job position, Vicky moved with the children to Lubbock in September of 2011.

On April 24, 2013, Josue filed a petition to modify with the Randall County trial court that issued the divorce decree.  However, Vicky was not personally served with the modification.  Instead, Josue filed a motion for alternative service with the trial court. The trial court granted this motion authorizing service at Vicky's alleged usual place of abode.  However, Vicky did not live at that residence and had never lived at that residence.  Consequently, Vicky did not appear at the modification hearing.  The trial court entered a default order of modification that gave Josue the right to determine the primary residence of the children.

On September 20, 2013, Vicky filed her "Motion to Reopen and to Vacate Order," which included her affidavit attesting that she first learned of the trial court's signing of the modification order on September 16, 2013.  Vicky alleged that she had not been properly served with citation of the modification.  On October 28, Vicky was informed by the trial court's coordinator that her motion had been considered by the trial court and overruled.  Consequently, Vicky filed a Motion for Reconsideration on November 7.  On November 20, the trial court issued its letter ruling denying Vicky's motion for reconsideration from which Vicky seeks to appeal.

By her appeal, Vicky presents five issues.  However, because we conclude that we are without jurisdiction over this appeal, that is the only issue we will address.  *See Bethurum v. Holland*, 771 S.W.2d 719, 722 (Tex. App.—Amarillo 1989, no writ) (mem.

2

op.) (holding that, when an appellate court determines that it lacks jurisdiction, the only thing it can do is dismiss the appeal).

## Law and Analysis

Unless a timely filed motion for new trial has been filed, the trial court loses plenary jurisdiction to grant a new trial or to vacate, modify, correct, or reform the judgment thirty days after signing a judgment. TEX. R. CIV. P. 329b(d); *see Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex. 1983); *Womack-Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 812 (Tex. App.—Dallas 1994, writ denied). After the trial court's plenary jurisdiction has expired, it cannot set aside a judgment except by timely-filed bill of review for sufficient cause. TEX. R. CIV. P. 329b(f); *In re Parker*, 117 S.W.3d 484, 486-87 (Tex. App.—Texarkana 2003, orig. proceeding). Any attempt by the trial court to exercise jurisdiction over the judgment, other than to correct clerical errors, after it loses plenary power will be set aside as void. *See Graham Nat'l Bank v. Fifth Court of Appeals*, 747 S.W.2d 370, 370 (Tex. 1987) (orig. proceeding).

If applicable, however, Texas Rule of Civil Procedure 306a operates to extend the start of the Rule 329b timetable. *Barrasso*, 886 S.W.2d at 813; *see* TEX. R. CIV. P. 306a(1), (4). Unless a party establishes, in the manner prescribed by Rule 306a(5), on sworn motion, that he had no notice or knowledge of the judgment, the general rule prevails: a trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment expires thirty days after entry of judgment. *Barrasso*, 886 S.W.2d at 813; *see* TEX. R. CIV. P. 306a(5).

In the present case, the trial court signed its Order in Suit to Modify Parent-Child Relationship on July 25, 2013. As such, Vicky had until August 26, 2013[1] to file her "Motion to Reopen and to Vacate Order." However, she did not file her motion until September 20, 2013. Consequently, unless Vicky timely filed a bill of review or Rule 306a motion, the trial court lacked plenary power over appellant's post-judgment motion. *See In re Parker,* 117 S.W.3d at 486-87 (bill of review); *Barrasso*, 886 S.W.2d at 813 (Rule 306a motion).

To be entitled to relief on a bill of review, the bill of review plaintiff must plead and prove: (1) a meritorious defense; (2) that he or she was prevented from making "due to fraud, accident, or wrongful act" of his opponent; and (3) that the failure to appear was "unmixed with any fault or negligence" of his or her own. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (per curiam). While it is true that a party that is not served with process is entitled to a bill of review without further showing, a bill of review is a separate proceeding from the underlying suit that must be pled by the bill of review movant. *See id.* In the present case, Vicky did not file a bill of review petition. Rather, she filed an untimely "Motion to Reopen and Vacate Order." Consequently, the trial court was not presented with a proper bill of review.

The clerk of the trial court is directed to send notice to all parties or their attorneys of record advising them that a judgment was signed. TEX. R. CIV. P. 306a(3). However, if an adversely affected party does not receive notice from the clerk or acquire actual knowledge of the order, the time period to file a motion under Rule 329b begins

---

[1] Thirty days from the date the order was signed is August 24, 2013. However, August 24, 2013 was a Saturday. Therefore, under Texas Rule of Civil Procedure 4, a Rule 329b motion was due on the next day which was not a Saturday, Sunday, or legal holiday. TEX. R. CIV. P. 4.

on the date the party receives notice or acquires actual knowledge, whichever occurs first, and provided that notice or knowledge occurs no later than ninety days after the judgment or order is signed. TEX. R. CIV. P. 306a(4). To establish the applicability of this exception, the party adversely affected must prove in the trial court, on sworn motion, the date on which the party or his attorney received notice or acquired actual knowledge of the date the judgment was signed. TEX. R. CIV. P. 306a(5). Compliance with the provisions of Rule 306a(5) is a jurisdictional prerequisite to extending the time to file post-judgment motions. *Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *Barrasso*, 886 S.W.2d at 813.

The record reflects that the default judgment was signed on July 25, 2013. Thus, absent application of Rule 306a, the trial court's plenary power expired on August 26, 2013, as noted above. Vicky did not file a Rule 306a motion. Rather, she filed an untimely "Motion to Reopen and to Vacate Order." Consequently, no request was made of the trial court to rule on the applicability of Rule 306a.

On appeal, Vicky contends that the trial court's November 20, 2013 letter ruling on Vicky's Motion for Reconsideration of the denial of her "Motion to Reopen and to Vacate Order" expressed the trial court's intent that it be a final, appealable ruling. Vicky bases this contention on the court's statement that, "If a party is unhappy with a Court's decision in this regard, a right of appeal exists." While we agree with the trial court's statement, such a statement cannot give rise to jurisdiction in this Court where it would not otherwise exist. As discussed above, unless Vicky timely filed a bill of review or Rule 306a motion, the trial court lacked plenary power over appellant's post-judgment

5

motion. As such, we disagree with Vicky's contention that the trial court's letter ruling is independently appealable.

## Conclusion

For the foregoing reasons, we conclude that the trial court's plenary power had expired prior to Vicky filing her "Motion to Reopen and to Vacate Order," and that motion did not extend the trial court's plenary power. As such, the trial court lacked jurisdiction to vacate its modification order. Likewise, this Court lacks jurisdiction to vacate the trial court's modification order. We dismiss this appeal for lack of jurisdiction.

Mackey K. Hancock
Justice