**IN the INTEREST OF J.Z.P. and J.Z.P., Minor Children**

No. 14–1072

Supreme Court of Texas.

Opinion delivered: February 26, 2016

Walter Paul Wolfram, Wolfram Law Firm, P.C., Amarillo TX, for Petitioner.

Jerry Morales, Law Office of Jerry Morales, Amarillo TX, for Respondent.

PER CURIAM

Vicky De La Cruz and Josue Pena divorced in Amarillo in 2009. The decree gave De La Cruz the exclusive right to determine the primary residence of the couple's two sons, then ages 8 and 6, and ordered Pena to pay $585.56 in monthly child support. In 2013, after De La Cruz moved with the children to Lubbock for work, Pena moved to modify the divorce decree to obtain the right to determine the children's residence and to reduce his child support.

Alleging that personal service on De La Cruz had been attempted unsuccessfully at an address supplied by Pena's counsel, Pena obtained an order allowing alternative service by leaving a copy with anyone over 16 at the same address "or in any other manner that ... evidence before the court shows will be reasonably effective to give [De La Cruz] notice of the suit." Unable to serve anyone there personally, the process server posted the citation on the door. Two days after the return of service was filed, the trial court granted Pena's petition to modify, giving him the right to determine the boys' residence, relieving him of any support obligation, and ordering De La Cruz to pay $251.60 in monthly child support.

The trial court signed its modification order on July 25, 2013. Copies of the order were sent only to Pena and his attorney. On September 20, 2013, 57 days later and after the trial court's plenary jurisdiction had expired, De La Cruz filed a "Motion to Reopen and to Vacate Order," stating that neither De La Cruz nor her counsel had been given notice of Pena's motion to modify and requesting that the matter "be reopened and the Order vacated." The motion was supported

by De La Cruz's affidavit in which she stated that she had never lived at the address where the citation was posted, that Pena knew her actual address because he had been there many times to pick up the boys for visitation, and that she "first found out on September 16, 2013, that [Pena] had a new lawyer who filed some kind of motion to modify and obtained some kind of order [but] did not know what the motion and order said until September 17, 2013." Pena opposed the motion on the sole ground that De La Cruz was at fault for the improper service because she had not notified him and the trial court of her new address. He did not deny that he knew De La Cruz's correct address or that De La Cruz received no notice of the order until the date she stated. The trial court denied De La Cruz's motion.

The court of appeals dismissed De La Cruz's appeal for want of jurisdiction, reasoning that De La Cruz's motion did not extend the trial court's plenary jurisdiction and post-judgment deadlines to run from the date she received notice of the trial court's order because it was not captioned a motion under Rule 306a of the Texas Rules of Civil Procedure. 481 S.W.3d 231 (Tex.App.–Amarillo 2014).[1]

Rule 71 of the Texas Rules of Civil Procedure states: "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." TEX. R. CIV. P. 71. We have stressed that "courts should acknowledge the substance of the relief sought despite the formal styling of the pleading." *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex.2011) (per curiam); *see also State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex.1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."). De La Cruz's motion plainly requested relief from the trial court's order on the grounds that she had not been served with citation and had not learned of the trial court's order until a few days before her motion was filed. Her motion stated that her attorney of record was given no notice of Pena's modification petition, and court records reflected that notice of the order was sent only to Pena and his attorney. It is a fair inference that De La Cruz's counsel learned of the order no earlier than De La Cruz did. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 584 (Tex.2006) (per curiam); *see also Nathan A. Watson Co. v. Emp'rs Mut. Cas. Co.*, 218 S.W.3d 797, 802 (Tex.App.–Fort Worth 2007, no pet.). Justice plainly required the trial court and court of appeals to treat De La Cruz's motion as extending post-judgment deadlines. Neither court explained its refusal to do so, Pena has not offered any reason not to do so, and we are unable to discern one. Based on the motion and Pena's response, De La Cruz was entitled to an extension of the time for appeal. Her notice of appeal was timely filed.[2]

Accordingly, we grant De La Cruz's petition for review and without hearing oral argument, TEX. R. APP. P. 59.1, reverse the judgment of the court of appeals and re-

---

1. Specifically, the court stated: "Vicky did not file a Rule 306a motion. Rather, she filed an untimely 'Motion to Reopen and to Vacate Order.' Consequently, no request was made of the trial court to rule on the applicability of Rule 306a."

2. Filed two days after the deadline, De La Cruz's notice of appeal implied a motion for an extension of time. *Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex.2003) (per curiam) (applying *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex.1997)). Pena has not challenged that the notice of appeal was timely.

mand the case to that court for further proceedings.