

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00445-CV

### IN THE INTEREST OF J.Z.P. AND J.Z.P., MINOR CHILDREN

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 60909-B, Honorable John B. Board, Presiding

June 30, 2016

## ORDER OF ABATEMENT AND REMAND

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Vicky De La Cruz, appeals from the trial court's letter ruling denying her motion for reconsideration of an oral denial of her "Motion to Reopen and to Vacate Order" that requested the trial court vacate its prior order of modification in a suit affecting parent-child relationship. We will abate and remand for further proceedings.

Factual and Procedural Background

In November of 2009, De La Cruz and Josue Pena were divorced when the trial court entered its Final Decree of Divorce. By this decree, the trial court granted De La Cruz the exclusive right to determine the primary residence of the couple's two children

limited to Potter and Randall Counties. However, due to the elimination of her job position, De La Cruz moved with the children to Lubbock in September of 2011.

In April 2013, Pena filed a petition to modify the divorce decree to obtain the right to determine the children's residence. After alleging that personal service on De La Cruz had been unsuccessful at an address supplied by Pena's counsel, Pena obtained an order allowing alternative service by leaving a copy with anyone over 16 at the same address "or in any other manner that . . . evidence before the court shows will be reasonably effective to give [De La Cruz] notice of the suit." Because he found no person to serve at the address, the process server posted the citation on the door of the residence. Two days after the return of service was filed and without De La Cruz making an appearance, the trial court granted Pena's modification petition, giving him the right to determine the children's residence, relieving him of any support obligations, and ordering De La Cruz to pay child support. The trial court signed its modification order on July 25, 2013. Copies of the order were sent only to Pena and his counsel.

On September 20, 2013, 57 days after the modification order was signed and after the trial court's plenary jurisdiction had expired, De La Cruz filed her "Motion to Reopen and to Vacate Order," which included her affidavit attesting that she first learned of the trial court's signing of the modification order on September 17, 2013. De La Cruz further attested that she had never lived at the address where the citation was posted and that Pena knew her actual address because he had been there many times to pick up the children for visitation. On October 28, De La Cruz was informed by the trial court's coordinator that her motion had been considered by the trial court and overruled. Consequently, De La Cruz filed a Motion for Reconsideration on November

2

7. On November 20, the trial court issued a letter ruling denying De La Cruz's motion for reconsideration. De La Cruz appealed.

After this Court's review, we dismissed the appeal for want of jurisdiction on the basis that De La Cruz's notice of appeal was untimely filed and did not invoke our jurisdiction. *See In re J.Z.P.*, 481 S.W.3d 231, 235 (Tex. App.—Amarillo 2014), *rev'd*, 484 S.W.3d 924 (Tex. 2016). On discretionary review, the Texas Supreme Court disagreed and held that De La Cruz's "Motion to Reopen and to Vacate Order" extended post-judgment deadlines. *See* 484 S.W.3d at 925. Consequently, it reversed our judgment and remanded the case for further proceedings. *See id.* at 925-26.

## Law and Analysis

Typically, post-judgment procedural periods are determined by the date that the judgment or order is signed. TEX. R. CIV. P. 306a(1); *see* TEX. R. APP. P. 26.1. However, these post-judgment procedural periods, including the period of the trial court's plenary power, run from the day a party receives notice of judgment when the party: (1) complies with the requirements mandated by Texas Rule of Civil Procedure 306a(5), and (2) proves it received notice of the judgment more than twenty but less than ninety-one days after it was signed. *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding); *see* TEX. R. CIV. P. 306a(4), (5). The requirements of Rule 306a(5) necessitate that the party alleging late notice of judgment file a sworn motion with the trial court establishing the date the party or its counsel first learned of the judgment. TEX. R. CIV. P. 306a(5); *In re Lynd Co.*, 195 S.W.3d at 685. This motion must be filed before the trial court's plenary power, measured from the date of notice

3

established under Rule 306a(4), expires. *In re Lynd Co.*, 195 S.W.3d at 685 (citing *John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001)). The motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *In re Lynd Co.*, 195 S.W.3d at 685.

In the present case, De La Cruz filed her "Motion to Reopen and Vacate Order" 57 days after the trial court signed the modification order. This motion was supported by De La Cruz's affidavit in which she attested that she "first found out on September 16, 2013, that Josue Pena had a new lawyer who filed some kind of motion to modify and obtained some kind of order [but] I did not know what the motion or order said until September 17, 2013." As such, we conclude that De La Cruz's "Motion to Reopen and Vacate Order" was timely filed under Rule 306a(4) and met the requisites of Rule 306a(5). As such, De La Cruz's motion invoked the trial court's jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which De La Cruz or her counsel first received notice or acquired knowledge of the modification order. *See id.*

Consequently, we abate this appeal and remand to the trial court to hold a hearing to determine the date on which De La Cruz or her counsel first received notice or acquired knowledge of the modification order, and to rule on her "Motion to Reopen and Vacate Order." Upon remand, the trial court shall immediately cause notice of the hearing to be given and shall conduct the hearing as soon as practicable. The trial court shall cause the hearing to be transcribed. The trial court shall (1) execute findings

4

of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law, and any orders it may issue relating to this matter, and (3) cause a supplemental reporter's record to be developed transcribing any evidence and arguments presented at the hearing. The trial court shall then file the supplemental clerk's and reporter's records with the clerk of this court on or before July 28, 2016.

Per Curiam