

# NUMBER 13-17-00427-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GUSTAVO BUENTELLO, M.D., DANIEL BUENTELLO, R.N.D.C., AND PA REHAB MANAGEMENT, L.L.C.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Longoria and Hinojosa
### Memorandum Opinion by Chief Justice Valdez[1]

By petition for writ of mandamus, Gustavo Buentello, M.D., Daniel Buentello, R.N.D.C., and PA Rehab Management, L.L.C., contend that the trial court abused its discretion in entering an order reinstating the underlying case after the loss of plenary power. Relators also seek to stay the trial court proceedings pending resolution of this original proceeding.

---

[1] *See* Tex. R. App. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). However, when an order is void, "the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000).

On March 28, 2017, the trial court issued an order granting the relators' motion to dismiss the underlying case with prejudice. On April 11, 2017, the real party in interest, Hilda Cano, filed a "Plaintiff's Response to Defendant's Motion to Dismiss" in which she requested the trial court "to recall [the] Order of Dismissal." In Cano's response, she argued that the accident at issue in the lawsuit did not arise from medical treatment, but instead constituted a premises liability suit, and stated that because there "is no medical treatment issue there is no requirement to designate experts." She further "pray[ed] that

this cause be reinstated on the trial docket and that the ORDER OF DISMISSAL be recalled." The record fails to contain the relators' motion to dismiss.

A judgment that disposes of all parties and issues in a case is final and appealable. *Lehmann v. HarCon Corp.*, 39 S.W.3d 191 (Tex. 2001). The trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days after the judgment is signed. Tᴇx. R. Cɪv. P. 329b(d). The parties may extend that plenary power by timely filing an appropriate post-judgment motion. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). If a timely motion for new trial or motion to modify, correct, or reform the judgment is filed, the trial court's plenary power is extended until thirty days after all such timely-filed motions are overruled. Tᴇx. R. Cɪv. P. 329b(e), (g). An order signed after the court loses plenary power is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding); *In re J.P.L.*, 359 S.W.3d 695, 705 (Tex. App.—San Antonio 2011, pet. denied).

The Texas Supreme Court has held that any "postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable." *Lane Bank Equip. Co.*, 10 S.W.3d at 314; *see In re P.J.P.R.*, 508 S.W.3d 588, 590 (Tex. App.—El Paso 2016, no pet.); *Crotts v. Cole*, 480 S.W.3d 99, 102–03 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.). In this regard, we look to the substance of the relief sought in a pleading rather than the formal style of the pleading or its form of title*. In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam). Further, a "motion for new trial is conditionally filed if

3

tendered without the requisite fee, and appellate deadlines run from and are extended by that date." *Garza v. Garcia*, 137 S.W.3d 36, 37–38 (Tex. 2004); *see Ravani v. Vaught*, 231 S.W.3d 568, 570 (Tex. App.—Dallas 2007, no pet.).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus and the request for stay of the trial court proceedings. *See* TEX. R. APP. P. 52.8(a).

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
3rd day of August, 2017.

4