

NUMBER 13-20-00421-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ALFONSO M. PRADO, M.D.,
MIGUEL A. DELEON, M.D.,
EUMING CHONG, M.D., JIE GUO, M.D.,
VALLIER C. OJADI, M.D., AND NEONATOLOGY
CONSULTANTS OF CORPUS CHRISTI, PLLC,               Appellants,

v.

FELIX MOYA AND SERENE LEE BARRAGAN,
INDIVIDUALLY AND AS NEXT FRIENDS
OF X.X., A MINOR,                                   Appellees.

---

On appeal from the 105th District Court
of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellants Alfonso M. Prado, M.D., Miguel A. DeLeon, M.D., Euming Chong, M.D.,

Jie Guo, M.D., Vallier C. Ojadi, M.D., and Neonatology Consultants of Corpus Christi, PLLC, attempted to appeal an order denying their objections to the expert report of William D. Rhine, M.D. This Court advised appellants that the order made the basis of the appeal was not an appealable order. The appellants have now filed a "First Amended Motion for Nonsuit Without Prejudice Pending Appealable Interlocutory Order." They assert that they have filed an appropriate order with the trial court and, once that order has been signed, there will be an appealable interlocutory judgment. The appellants state that they no longer wish to pursue this current appeal, and request that we dismiss the appeal without prejudice.

Appellees, Felix Moya and Serena Barragan, individually and as next friends of X.X., a minor, have filed a response to this motion through which they assert that (1) a "nonsuit" is not an available remedy for appellants, (2) appellants have not followed this Court's directive to correct the jurisdictional defect regarding this appeal, and (3) dismissal of this "improper and improvident" appeal is appropriate under the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.3.

The Texas Supreme Court has repeatedly stressed that we examine the substance of a motion to determine the relief sought, not merely the form or title of a pleading. *In re Interest of J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam); *see Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) (stating that "courts should acknowledge the substance of the relief sought despite the formal styling of the pleading"); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the

2

form of title given to it."). Accordingly, the Court, having examined and fully considered the "First Amended Motion for Nonsuit Without Prejudice Pending Appealable Interlocutory Order" and the response thereto, is of the opinion that the appellants' motion should be construed as a motion to dismiss. *See In re Interest of J.Z.P.*, 484 S.W.3d at 925; *Ryland Enter., Inc.*, 355 S.W.3d at 666; *State Bar of Tex.*, 603 S.W.2d at 833. Thus, we are of the opinion that the motion should be granted as construed. *See* TEX. R. APP. P. 42.1(a)(1) (allowing the court to "dismiss the appeal or affirm the appealed judgment or order unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled"). We grant the motion to dismiss, and we dismiss the appeal. Costs will be taxed against the appellants. *See id.* R. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Having dismissed the appeal at the appellants' request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

JAIME TIJERINA
Justice

Delivered and filed on the
1st day of April, 2021.

3