

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00211-CV

———————————————

ESTEBAN A. ARREDONDO, Appellant

V.

WELLS FARGO BANK, N.A., Appellee

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-317854-20

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Esteban A. Arredondo attempts to appeal a final summary judgment in favor of Wells Fargo Bank, N.A. Because the notice of appeal was untimely, we dismiss the appeal for lack of jurisdiction.

The final summary judgment was signed on March 31, 2021. Any motion for new trial was therefore due by April 30, 2021. Tex. R. Civ. P. 329b. Arredondo did not file his "Motion for Reconsideration and New Trial to Set Aside Judgment" until May 4, 2021.

The only thing that Arredondo filed before the deadline for his motion for new trial was a proposed order concerning his objections to Wells Fargo's summary judgment evidence; the proposed order was submitted on April 5, 2021, and the trial court signed it on April 8, 2021. But we conclude that neither the objections nor the ruling that denied them had any effect on the appellate timetable. Based on the substance of the objections, we cannot fairly construe them as a mistitled motion for new trial, such that they would have extended the deadline for Arredondo's notice of appeal. *See In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) ("[C]ourts should acknowledge the substance of the relief sought despite the formal styling of the pleading."). Rather, the objections merely attacked Wells Fargo's evidence, whereas a motion for new trial is a direct attack on a judgment itself. *In re J.H.*, 486 S.W.3d 190, 195 (Tex. App.—Dallas 2016, no pet.). Thus, the objections were exactly what they purported to be and nothing more. Further, the order ruling on the objections was not itself an appealable

2

order that might have affected the appellate timeline, for "[g]enerally, trial court orders granting or denying particular post-judgment requests are not appealable in themselves." *See In re Cadle Co.*, No. 05-07-00654-CV, 2007 WL 2430027, at *1 (Tex. App.—Dallas Aug. 29, 2007, orig. proceeding) (mem. op.).

Therefore, because Arredondo did not timely move for a new trial, his notice of appeal was due on April 30, 2021. *See* Tex. R. App. P. 26.1(a)(1); *Rangel v. City of Fort Worth*, No. 02-20-00197-CV, 2020 WL 5047506, at *1 (Tex. App.—Fort Worth Aug. 27, 2020, no pet.) (mem. op.) (per curiam). Arredondo did not file his notice of appeal until July 12, 2021.

We notified Arredondo of our concern that we lacked jurisdiction because the notice of appeal was not timely. We stated that unless he or another party filed a response showing grounds to continue the appeal, we would dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1, 42.3(a), 44.3. In Arredondo's responsive motion, he argued that the order denying his objections was an independently appealable order, but we have already rejected that possibility.

A timely notice of appeal is jurisdictional. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding). Because Arredondo's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered: August 19, 2021

3