

# Fourth Court of Appeals
## San Antonio, Texas

## ORDER AND MEMORANDUM OPINION

No. 04-23-00884-CV

**FMO MEDIA, LLC**,
Appellant

v.

**CLARITY MORTGAGE, LLC**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2023CV00378
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: December 6, 2023

On September 27, 2023, appellant FMO Media, LLC filed a notice of appeal from a default judgment signed on May 18, 2023. FMO Media also filed a petition for writ of mandamus, which we have denied. *In re FMO Media, LLC*, No. 04-23-00915-CV (Tex. App.—San Antonio, Dec. 6, 2023, orig. proceeding) (per curiam) (mem. op.).

By this order and memorandum opinion, we consider our jurisdiction over this appeal. For the reasons that follow, we **ABATE** this appeal to the trial court and **ORDER** the trial court to issue a written order that finds the date when FMO Media, LLC or its attorney first either received notice or acquired actual knowledge that the default judgment was signed. *See* TEX. R. APP. P.

4.2(c).  We further **ORDER** the trial court to cause a supplemental clerk's record containing its order to be filed in this court by January 5, 2024.  All other appellate deadlines are **SUSPENDED**.

In its mandamus petition in the related proceeding, FMO Media contends that this appeal is timely because it did not receive notice or acquire actual knowledge of the signing of the default judgment until July 14, 2023.  The clerk's record in this appeal shows that FMO Media filed, in the trial court, a motion for new trial on August 1, 2023.  FMO Media contends that its motion for new trial was timely filed because the period in which it had to file the motion was extended by application of Texas Rule of Civil Procedure 306a(4).  That rule allows for extensions of post-judgment periods, including the period in which to file a motion for new trial, for a party that has neither received notice of a judgment nor acquired actual knowledge of the judgment.  *See* TEX. R. CIV. P. 306a(1), (4); *see also id.* R. 329b(a) (stipulating thirty-day period after judgment is signed to file motion for new trial).  Rule 306(a)(4) states that, for such a party, post-judgment periods "shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed."  *Id.* R. 306a(4).

FMO Media similarly contends that its notice of appeal was timely filed because Texas Rule of Appellate Procedure 4.2 provides that the period in which to file a notice of appeal begins on the date a party receives notice of the judgment or acquires actual knowledge of the signing of the judgment if that date is not more than ninety days after the signing of the judgment and if that party did not receive earlier notice.  *See* TEX. R. APP. P. 4.2(a) (citing TEX. R. CIV. P. 306a(3) (requiring district clerk to send notice immediately after judgment)).  When a party timely files a motion for new trial, it may file its notice of appeal within ninety days after the judgment is signed. *See id.* R. 26.1(a)(1).

Under these rules, we agree with FMO Media that if neither it nor its attorney first received notice of the May 18, 2023 default judgment or acquired actual knowledge of its signing until July 14, 2023, then its motion for new trial and notice of appeal were timely filed. *See id.* R. 4.2, 26.1(a)(1); TEX. R. CIV. P. 306a(1),(4), 329b(a).

> However, in order to establish the application of Texas Rule of Civil Procedure 306a(4),
>
> the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX. R. CIV. P. 306a(5). For Texas Rule of Appellate Procedure 4.2, "The procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a.5." TEX. R. APP. P. 4.2(b). Additionally, Rule 4.2 provides:

> After hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed.

*Id.* R. 4.2(c).

The trial court did not sign any order finding a date FMO Media or its attorney received notice or acquired actual knowledge of the default judgment. *See id.* "Out of abundance of caution," FMO Media filed its petition for writ of mandamus, requesting a writ directing the trial court to make a written finding as to that date. In the mandamus proceeding, Clarity Mortgage filed a "Plea to the Jurisdiction and Initial Response to the Writ of Mandamus." In its filing, Clarity Mortgage contends that we have no jurisdiction over this appeal because the appeal was untimely filed. It specifically contends that FMO Media made "no request seeking an extension of deadlines or a request for an order identifying the actual date FMO [Media] may claim it received notice of the Default Judgment." If Clarity Mortgage is correct and FMO Media did not invoke Rule 306a, then FMO Media's appeal would be untimely because Texas Rule of Appellate Procedure 4.2

would not apply. *See* TEX. R. APP. P. 4.2(a), (b); *see also id.* R. 26.1; TEX. R. CIV. P. 306a(1), (4), 329b(a).

We, however, reject Clarity Mortgage's contention. A motion under Rule 306a(5) may be filed "at any time within the trial court's plenary jurisdiction measured from the date determined under Rule 306a(4)." *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001) (per curiam). Here, if FMO Media first obtained notice or knowledge of the default judgment on July 14, 2023, as it contends, it timely filed its motion for new trial on August 1, 2023. *See* TEX. R. CIV. P. 329b(a). The trial court denied the motion for new trial on September 11, 2023, and its plenary jurisdiction did not expire until thirty days after that date. *See id.* R. 329b(e); *John*, 58 S.W.3d at 741. Thus, all of FMO Media's relevant filings and the trial court's hearing on FMO Media's motion for new trial occurred within the trial court's plenary power if reinvoked pursuant to Rule 306a. *See John*, 58 S.W.3d at 741; *see also In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding)

In its motion for new trial, FMO Media asserted that the motion was timely and that it lacked actual notice of the lawsuit prior to entry of the final judgment. Its CEO asserted in a sworn declaration attached to the motion that FMO Media did not become aware of the lawsuit "until around July 14, 2023," when it found out that funds had been garnished from its bank account. The CEO also averred that "no one forwarded the alleged default judgment notice to us." The trial court held a hearing on FMO Media's motion on August 24, 2023, at which FMO Media argued that its motion for new trial was timely filed because Rule 306a(4) applied. The day after the hearing, FMO Media filed supplemental briefing regarding its motion for new trial, specifically referencing Rule 306a and arguing for application of the rule to extend post-judgment periods. Clarity Mortgage then moved for entry of an order denying the motion, and FMO Media responded, requesting that any written order include a finding as to the date when FMO Media or

its attorney first received notice or acquired actual knowledge that the default judgment was signed. *See* TEX. R. APP. P. 4.2(c).

Nevertheless, Clarity Mortgage contends that FMO Media's several requests were not enough to invoke Rule 306a because FMO Media did not file a Rule 306a(5) motion. We disagree because no such exacting precision was required. In *In re J.Z.P.*, 484 S.W.3d 924 (Tex. 2016) (per curiam), the supreme court held that a parent subject to an adverse modification order was entitled to an extension of the time to appeal based on application of Rule 306a(4), even though the parent styled her motion a "Motion to Reopen and to Vacate Order"; "'did not file a Rule 306a motion . . . [; and] no request was made to the trial court to rule on the applicability of Rule 306a.'" *Id.* at 924–25 (citing *In re J.Z.P.*, 481 S.W.3d 231, 234 (Tex. App.—Amarillo 2014), *rev'd*, 484 S.W.3d 924 (Tex. 2016)). The parent stated in an affidavit that neither she nor her counsel had been given notice of the motion to modify and that she found out about the order nearly two months after it was signed. *Id.* The supreme court held that the parent's motion "plainly requested relief from the trial court's order on the grounds that she had not been served with citation and had not learned of the trial court's order until a few days before her motion was filed." *Id.* at 925.

Here, FMO Media's request for an extension of post-judgment periods in its motion for new trial and accompanying affidavit are just as clear as the "Motion to Reopen and to Vacate Order" described in *In re J.Z.P. See id.* at 924–25. Additionally, FMO Media's subsequent filings and request at the hearing referenced Rule 306a to further clarify the relief that it sought. Justice requires that we and the trial court treat FMO Media's motion for new trial as a request to extend post-judgment periods pursuant to Rule 306a(4). *See* TEX. R. CIV. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."); *In re J.Z.P.*, 484 S.W.3d at 925 (citing TEX. R. CIV. P. 71).

In addition to its request to gain additional time pursuant to Rule 306a, FMO Media also requested a new trial. *Cf. In re V.J.*, No. 02-22-00233-CV, 2023 WL 5114198, at *9 (Tex. App.—Fort Worth Aug. 10, 2023, no pet. h.) (mem. op.) (describing "combined Rule 306a(5) motion and motion for new trial."). The trial court denied FMO Media's motion without specifying the reason or finding the date when FMO Media acquired knowledge of the default judgment. *See* TEX. R. APP. P. 4.2(c). Under these circumstances, the trial court could have denied the motion because it concluded FMO Media had not established the application of Rule 306a(4), or it could have determined that the rule applied and denied the motion on the merits. The trial court's reasoning is unclear from its order. *See Lickety Split Express, Inc. v. Lyndee Sols., Inc.*, No. 03-19-00142-CV, 2019 WL 2402980, at *1–2 (Tex. App.—Austin Jun. 7, 2019, no pet.) (per curiam) (mem. op.) (noting it was unclear whether trial court denied motion for new trial on the merits, as untimely, or for other reasons); *cf. In re Lynd Co.*, 195 S.W.3d at 685 (implying trial-court finding that party first received notice more than two months after judgment based on trial court's grant of motion for new trial); *Silvertip Holdings, LLC v. Premier All. Holdings, LLC*, No. 14-22-00254-CV, 2023 WL 5281085, at *4–5 (Tex. App.—Houston [14th Dist.] Aug. 17, 2023, no pet. h.) (implying finding that party did not carry its burden under Rule 306a(5) because trial court denied party's Rule 306a motion).

We previously have abated appeals to trial courts for findings regarding when notice was received or actual knowledge was acquired. *See Garza v. Grupo Comercio Mundial, Inc.*, No. 04-19-00564-CV, 2020 WL 5646470, at *1–2 (Tex. App.—San Antonio Sept. 23, 2020, no pet.) (mem. op.); *Perez v. Cazares*, No. 04-16-00194-CV, 2016 WL 4208106, at *1 (Tex. App.—San Antonio Aug. 10, 2016, no pet.) (per curiam) (mem. op.); *see also* TEX. R. APP. P. 4.2(c). Our sister courts have as well. *See, e.g., Gilchrist Cmty. Ass'n v. Hill*, No. 14-21-00630-CV, 2023 WL 3513200, at *3 (Tex. App.—Houston [14th Dist.] May 18, 2023, no pet.) (op. on reh'g); *Rendon*

*v. Swanson*, No. 11-19-00260-CV, 2021 WL 3672622, at *1 (Tex. App.—Eastland Aug. 19, 2021, no pet.) (mem. op.); *Latter & Blum of Tex., LLC v. Murphy*, No. 02-17-00463-CV, 2019 WL 3755765, at *2 (Tex. App.—Fort Worth Aug. 8, 2019, pet. denied) (mem. op.). The Third Court of Appeals remanded, under very similar circumstances, when it was unclear whether the trial court denied a motion on the merits or as untimely. *See Lickety Split Express*, 2019 WL 2402980, at *1–2. Here we remand because FMO Media timely requested application of Rule 306a(4), *see John*, 58 S.W.3d at 741, and we cannot imply the finding required by Rule 4.2 under the circumstances of this case. *See* Tex. R. App. P. 4.2(c); *Lickety Split Express*, 2019 WL 2402980, at *1–2; *cf. In re Lynd*, 195 S.W.3d at 685; *Silvertip Holdings*, 2023 WL 5281085, at *4–5. Accordingly, we abate the case to the trial court for the finding required by Texas Rule of Appellate Procedure 4.2(c), as ordered above.

PER CURIAM