

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00117-CV

## IN RE SHARON GARCIA AS DEPENDENT ADMINISTRATOR OF THE ESTATE OF VERMA L. WILLIFORD, DECEASED, RELATOR

## ORIGINAL PROCEEDING

April 10, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Relator, Sharon Garcia, as Dependent Administrator for the Estate of Verma L. Williford, deceased, seeks mandamus relief from the April 2, 2025, order of Respondent, the Honorable Benjamin Webb, judge of Lubbock County Court at Law No. 3, setting an April 11, 2025, hearing on Real Party in Interest Thomas Bradley Williford's objections to the estate's inventory and final distribution.[1]  Garcia contends that a final order was signed on January 27, 2025, depriving Judge Webb of jurisdiction to hold the April 11 hearing. Garcia has also filed a motion for temporary relief to stay the April 11 hearing.

---

[1] Although not shown by signed, written order, emails in the mandamus record indicate on Williford's motion the case was transferred from Lubbock County Court to County Court at Law No. 3 on February 21, 2025.

We deny Garcia's petition and motion for stay.

**Background**

This is a probate matter that began in January 2024. On May 29, 2024, at 10:40 a.m., Garcia filed an inventory, appraisement, and list of claims identifying, in part, "Monies Due on Debts by Heir, Brad Williford: $155,062.85." Specifically, the inventory alleged Williford owes the estate credit card debts of $48,984.57, and "monies paid for bills" in the amount of $106,228.28.[2]

The same day the inventory was filed (only four hours later, judging by the file-stamp), the probate court signed an order approving the inventory, indicating there had been "no contest" to the allegations.

The very next day, May 30, Williford filed an objection to Garcia's inventory. He argued, in part, that the alleged $155,000 debt to the estate is unsupported by evidence and "reflects nothing more than a gift to a child, not a debt to the Estate." Williford argued the alleged debt was really an effort by Garcia to receive all the proceeds from the estate. He requested that the court hold in abeyance any approval of the inventory until there could be a hearing to require Garcia "to show written proof of indebtedness by [Williford] to the Estate."

After unsuccessful attempts to schedule a hearing, Williford concedes his counsel eventually stopped pursuing the matter, waiting instead for notice of any final distribution to address all objections at once.

On January 24, 2025, at 5:33 p.m., Garcia filed a "Motion for Final Distribution of Estate." She alleged all estate property had been sold and reduced to liquid assets, and

---

[2] The inventory included copies of several check registers in which Verma allegedly identified in the transaction description a payee, followed by "—Brad."

2

requested the probate court to divide the remaining assets (less fees and reimbursements) according to the following disposition:

- Garcia to receive half the remaining assets plus her portion of Williford's alleged debt; and

- Williford to receive half the remaining assets minus his alleged debt to the estate.

Her counsel also uploaded a proposed order for the court to sign.

On January 25, Williford filed an "Objection to Motion for Final Distribution of Estate and Request for Hearing."[3] In this filing, Williford directed the court to his earlier objection and argued "no hearing has been had and Movant's objection is still pending and active and a hearing is necessary on same." Williford also argued that "[t]o allow Final Distribution of the Estate would be improper without the Court holding a hearing on said Objection to Inventory as well as this instant Motion."

On January 27, the probate court signed Garcia's proposed order authorizing final distribution of Verma's estate. Specifically, the court ordered that Garcia was permitted to make a final distribution of the estate assets "in accordance with the Motion [for Final Distribution], the Court's approved Inventory, and the Decedent's Last Will."

On February 20, Williford moved to transfer the case from the county court to a statutory probate court as a contested matter. On April 2, Judge Webb (judge of the County Court at Law No. 3 of Lubbock County) set Williford's objections for hearing on April 11, 2025, over Garcia's objections.

---

[3] The county clerk file-stamped the motion on January 27, 2025, at 12:00 a.m.

3

**Analysis**

In her petition, Garcia contends "the final order was signed January 27, 2025[,] and became final on February 26, 2025." She argues that plenary power will have expired 44 days before Judge Webb's hearing date of April 11, and thus, he lacks jurisdiction to hold the hearing. The Supreme Court has held that if a trial court issues an order beyond its jurisdiction, mandamus is proper. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) (orig. proceeding).

At the outset, we note the January 27 order lacks clear indicia of finality as an order closing the estate. Garcia argues that the completed final distribution results in closure of the estate, citing *In re John G. Kenedy Mem'l Found.*, 159 S.W.3d 133, 144 (Tex. App.—Corpus Christi 2004, orig. proceeding) ("[T]he final distribution of an estate's assets after all debts and claims against the estate are paid results in the closing of the estate."). However, the current state of the record does not conclusively show that the estate has completed the course of administration. *See id.* at 144 ("The word 'pending' does not describe a closed estate . . . in order to close the estate, all debts, claims, and distributions must be settled and completed"). For example, the record does not conclusively show that Garcia has actually distributed all of the estate's assets or recovered funds allegedly owed to her from the estate, and Williford contends he is entitled to a larger portion of the estate (i.e., that his recovery should not be offset by the alleged debt of $155,000). Accordingly, this is a different set of circumstances than presented in *Kenedy*, or in *Pugh v. Turner*, 145 Tex. 292, 197 S.W.2d 822, 825 (1946),[4] upon which *Kenedy* cites as

---

[4] There, evidence was presented that "all of the debts of the estate had been paid and all of the bequests to others than herself had been satisfied in full." *Id.* at 825.

4

support (holding an estate is closed when "all of the debts of the estate had been paid and all of the bequests . . . had been satisfied in full.").

Moreover, even if the January 27 order constituted a final, appealable order, the record indicates plenary power has not expired. Williford's objections—filed on January 25, 2025, and in May 2024—can be construed as a motion for new trial. Texas courts hold that the substance of a filing, not its title, determines its nature. *See In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (courts should acknowledge the substance of pleadings rather than their form or title); TEX. R. CIV. P. 71. In both objections, Williford did more than attack the evidence presented against him; he argued that it would be improper for the court to find he owed a $155,000 debt to the estate without a hearing for presentation of evidence.

Absent denial by a signed order, a timely motion for new trial is not overruled until 75 days after judgment. *See* TEX. R. CIV. P. 329b(c). Plenary power does not expire until 30 days after denial of all timely-filed motions for new trial or to vacate, modify, or reform the judgment. TEX. R. CIV. P. 329b(e). This means Williford's motion for new trial may not be denied until April 12, 2025, with plenary power extending 30 days beyond the denial date.

In her reply, Garcia appears to acknowledge Williford's objections "may have been seen as a pleading attempting to modify the judgment." She alternatively argues, however, that the objections could not constitute a motion for new trial because they were filed before the probate court signed the order authorizing distribution on January 27.[5] Garcia also argues that the January 27 order implicitly overruled Williford's

___

[5] "[I]t does not make sense that Williford be allowed to argue that an objection to a motion that had not yet been granted by the court could itself constitute a motion for new trial on that not-yet-signed order."

5

objection/motion for new trial. However, both of these arguments overlook the text of Texas Rule of Civil Procedure 306c, which provides that prematurely filed motions for new trial "shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails . . . ." TEX. R. CIV. P. 306c[6]. In conclusion, we hold that the Respondent does not lack jurisdiction to hold a hearing on April 11.

## Conclusion

We deny Relator's petition for mandamus and her motion for temporary relief.

Lawrences M. Doss
Justice

---

[6] *See also Wirtz v. Massachusetts Mut. Life Ins. Co.,* 898 S.W.2d 414, 419–20 (Tex. App.—Amarillo 1995, no writ); *Chekanski v. Tex. & N. O. R. Co.,* 306 S.W.2d 935, 937 (Tex. App.—Houston 1957, writ ref'd n.r.e.).

6