

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00090-CV

---

EWING INSURANCE SERVICES, INC. AND CHARLES CANDLER, Appellants

V.

TEXAS INDEPENDENT AUTOMOBILE DEALERS ASSOCIATION, AND JUAN
SABILLON AND BRENT RHODES, INDIVIDUALLY, Appellees

---

On Appeal from the 200th District Court
Travis County, Texas
Trial Court No. D-1-GN-18-003251

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

When the Texas Independent Automobile Dealers Association (TIADA) revoked the membership of Ewing Insurance Services, Inc., and reported to TIADA members that it had taken such action, Ewing and its president, Charles Candler, sued TIADA and two of its board members, Juan Sabillon and Brent Rhodes, individually, alleging defamation, negligent misrepresentation, business disparagement,[1] and intentional infliction of emotional distress.[2] Ewing and Candler sought actual damages, lost profits, exemplary damages, and attorney fees. The trial court granted TIADA's motion for summary judgment on all causes of action.

On appeal, Ewing contends that the trial court erred in granting TIADA's motion for summary judgment because the motion was directed to a superseded petition, at least some of TIADA's arguments should have been first addressed by special exceptions, the court applied the wrong limitations period to Ewing's claims, privileges did not apply to Sabillon and Rhodes, the court erroneously granted TIADA's objections to Ewing's summary judgment evidence before denying Ewing's motion for summary judgment, and it erred by overruling Ewing's objections to TIADA's summary judgment evidence.

---

[1]Ewing titled this claim "intentional interference with business relations and business disparagement," but, because tortious interference with contract requires that the defendant's conduct constitute an independent tort, we address this as a business disparagement claim. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex. 2001).

[2]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

We reverse the summary judgment only as to Ewing's claims for negligent misrepresentation and remand that portion of the case for further proceedings. Except for that limited reversal, we otherwise affirm the trial court's judgment. We reach that disposition, because

(1)     the disposition of the negligent-misrepresentation claims was premature without resort to special-exception practice;

(2)     TIADA's motion for summary judgment was broad enough to cover the claims and evidence raised in Ewing's latest pleading;

(3)     Ewing's argument regarding the continuing-tort doctrine is moot;

(4)     Ewing's argument on appeal regarding its claim for intentional infliction of emotional distress is forfeited due to inadequate briefing;

(5)     the issue of privilege is moot on appeal, given Ewing's forfeiture of any attack on the "truth" defense;

(6)     there was no reversible error in sustaining TIADA's objections to Candler's affidavit;

(7)     Ewing's cross-motion for summary judgment was not before the trial court for hearing; and

(8)     Ewing's objections to TIADA's summary judgment evidence were not preserved for appellate review.

Because this is a summary judgment case, the factual background is based on the parties' pleadings and summary-judgment proof. Ewing Insurance Services, Inc., a/k/a Ewing Insurance Agency,[3] is primarily in the business of selling insurance to car dealerships. In September 2009, Ewing, through Praetorian Insurance Company, sold a twelve-month insurance policy to Texas

---

[3]Because Ewing and Candler were represented by the same attorney and filed single, collective pleadings on behalf of the company and Candler, we will collectively refer to them as "Ewing," unless otherwise noted.

3

Auto Center (TAC)[4] for $9,932.00, which TAC claimed to have paid Ewing in full. Ewing alleged that Praetorian later discovered that TAC had failed to disclose relevant insurance-related information and that, based on that information, it issued a new insurance policy with an adjusted premium of $15,294.00. Ewing asserts that, after several notices went unanswered and the added premiums went unpaid, the policy was cancelled.[5] TAC denied receiving any notice and claims that, in August 2010, it learned, for the first time, that the company had been without insurance coverage for the preceding nine months.

TAC subsequently filed a complaint against Ewing and its agent and president, Charles Candler, with the TDI and the TIADA, alleging that Ewing was conducting a "scam" by collecting insurance premiums and converting them to Ewing's own use. TAC requested that TIADA revoke Ewing's membership in the TIADA. Ewing denied any wrongdoing and alleged that, "[b]efore May 15, 2015," it informed TIADA of TDI's finding that Haggerty was the person "who stole the monies" giving rise to the false statements TAC provided to TIADA.

Based on TAC's allegations against Ewing and Candler, on January 18, 2016, TIADA's board of directors voted to revoke Ewing's membership; on April 18, 2016, the board denied Ewing's appeal and made the revocation final. Ewing alleges that, in the March 2016 edition of TIADA's member magazine, *Texas Dealer*, the following statement appeared:

> A motion was made under Article III Section 7 of the bylaws to revoke the membership of Ewing Insurance, and all principals in that company, either

---

[4]RLB Texas Auto Center, LLC, d/b/a Texas Auto Center, LP.

[5]It appears that a subsequent investigation by the Texas Department of Insurance (TDI) pointed to Kenneth Haggerty, Ewing's former employee, who reportedly had received premium payments and converted them to his own use, rather than sending them to the insurance carrier. The various allegations in this regard are not entirely consistent, but are not dispositive to this appeal.

singularly or as principals in any current or future entities, from remaining or becoming a member of TIADA. On request by Ewing Insurance, within a 180 day window of this decision by the Board of TIADA, all membership dues collected from 2010 to 2016 will be refunded to Ewing Insurance. Moved by Juan Sabillon, seconded by Trey Crouch — PASSED.

Article III, Section 7 of the TIADA bylaws states, in relevant part that "[a]n individual is disqualified for membership if his business, function, or operation, or that of his employer, is or becomes inconsistent with or contrary to the ethical standards of the Association."

On January 17, 2017, Ewing filed suit against TIADA and Sabillon and Rhodes, individually, alleging that TIADA needlessly published the statement at the willful and malicious direction of board members Sabillon and Rhodes. TIADA, Sabillon, and Rhodes[6] filed a general denial, special exceptions, and affirmative defenses. Ewing's second amended petition raised claims against TIADA, Sabillon, and Rhodes for negligent misrepresentation, defamation, business disparagement, and intentional infliction of emotional distress and sought actual damages, lost profits, mental anguish damages, exemplary damages, additional damages, interest, and attorney fees and costs.

In response to the second amended petition, TIADA moved for summary judgment. TIADA's January 23, 2018, amended motion for summary judgment alleged that: (a) the claim of negligent misrepresentation was barred by the statute of limitations and Ewing failed to state a cause of action by failing to plead the necessary elements; (b) the claim of defamation was barred by the statute of limitations, the claim failed because the published statement was true and the

---

[6]Because TIADA, Sabillon, and Rhodes were represented by the same attorney and filed single, collective pleadings on behalf of all three defendants, we will collectively refer to TIADA, Sabillon, and Rhodes as "TIADA," unless otherwise noted.

claim failed because it was not published; (c) the claim of business disparagement was barred by the statute of limitations and the claim failed because the published statement was true; (d) the claim for intentional infliction of emotional distress was barred by the statute of limitations and the statement did not constitute extreme and outrageous conduct as a matter of law; and (e) the claims against Sabillon and Rhodes, individually, were barred by privilege.

The evidence in support of its motion included the two Candler affidavits Ewing had previously attached as evidence to its first and second amended petitions, as well as all the exhibits that Ewing had attached to the first affidavit, which included the minutes from TIADA's board of directors meetings on January 18 and April 18, 2016; several pages from *Texas Dealer*, in which the minutes appeared; copies of several pages from the TIADA's website indicating that all TIADA members received both digital and paper copies of *Texas Dealer* every month; a copy of Article III, Section 7, of the TIADA's bylaws; TAC's complaint letter to the TIADA accusing Ewing of wrong-doing; and Candler's written verification for Ewing's first amended petition. TIADA also attached affidavits from its president, Jeff Martin, and board member and former president, Rhodes. Martin's affidavit stated that, from 2006 through the time of the affidavit, no one other than Ewing's counsel had requested the minutes of any TIADA board meeting and that the information related to TAC's grievance against Ewing had not been disclosed to anyone other than the TIADA board members as a part of the grievance process. Rhodes' affidavit asserted that, based on the evidence, the board determined that Ewing was responsible for the actions of its agent and that, in revoking Ewing's membership, the board members acted in good faith. In the

6

affidavit, Rhodes claimed that he did not participate in the vote to revoke Ewing's membership and denied having anything to do with the announcement of Ewing's revocation.

On March 5, 2018, Ewing filed a third amended petition;[7] on March 30, 2018, ten days before the summary judgment hearing, it filed an amended response to TIADA's amended motion for summary judgment and a cross motion for summary judgment. The evidence attached to it included another amended affidavit by Candler, which included all of the material allegations of the previous affidavits, as well as the same exhibits referenced above as having been attached to the first affidavit, emails in which Candler had previously reported companies owned or operated by Rhodes and Sabillon for insurance fraud, pages from the TIADA website regarding changes to TIADA's bylaws, email notification that the TIADA board had denied Ewing's appeal, emails between Martin and Candler regarding whether and when the TIADA board suspended Ewing's membership benefits, documentary evidence regarding TAC's insurance coverage, TAC's complaint to the TDI, Ewing's request for disclosures, and pages from the TIADA website indicating that it is a non-profit trade association organized under Section 501(c)(6) of the Internal Revenue Code.

Ewing's amended response also objected to all of TIADA's summary judgment evidence, arguing that it should be excluded because TIADA failed to timely disclose the witnesses and evidence in response to Ewing's requests for disclosure. In turn, TIADA filed objections to several

---

[7]The third amended petition named RLB Texas Auto Center, LLC, d/b/a Texas Auto Center LP, Robert Blankenship, and Erika Blankenship as additional defendants and stated a claim of "tortious interference of contract and business relations" against them, but any and all claims against these defendants were severed from Ewing's claims against TIADA, Sabillon, and Rhodes.

sentences in Candler's affidavit that was attached to Ewing's response, arguing that the sentences were conclusory, conjecture, and unsupported by any factual basis.

After a hearing, the trial court sustained TIADA's objections to the affidavit and granted TIADA's motion for summary judgment. Ewing's amended motion for new trial was denied by operation of law. Ewing appealed.

We review de novo the summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Dorsett*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

*(1)* *The Disposition of the Negligent-Misrepresentation Claims Was Premature Without Resort to Special-Exception Practice*

Ewing contends that the trial court erred in granting summary judgment because TIADA's claims that Ewing had failed to plead a cause of action should have been addressed by special exceptions rather than summary judgment.[8] We agree.

A claim that the pleadings fail to state a cause of action or fail to state all necessary elements of a cause of action should be resolved through the special exceptions procedure rather than

_____

[8]A nonmovant waives a complaint that summary judgment was improperly granted on the pleadings by failing to raise it. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990). However, Ewing raised this issue in its motion for new trial, thereby preserving it for appellate review. TEX. R. APP. P. 33.1(b).

8

summary judgment. *See In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex. 1994) (per curiam); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Beck v. Law Offices of Edwin J. (Ted), Jr. P.C.*, 284 S.W.3d 416, 428 n.11 (Tex. App.—Austin 2009, no pet.); *see also* TEX. R. CIV. P. 90, 91.

> Only after a party has been given an opportunity to amend after special exceptions have been sustained may the petition be dismissed for failure to state a cause of action . . . . This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings . . . fail to state a cause of action.

*Massey*, 652 S.W.2d 934 (quoting *Tex. Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)). This prevents the premature dismissal of a cause of action based on defective pleadings, where defects could be cured by amendment. *Id.* An exception to this rule exists when the defect is one that cannot be cured by amendment. *James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 704 (Tex. App.—Houston [1st Dist.] 1987, writ denied).

In TIADA's motion for summary judgment, the only claim challenged for failure to state a cause of action was Ewing's claim of negligent misrepresentation. Ewing's petition alleged that TIADA was guilty of negligent misrepresentation because it "did not exercise ordinary care in verifying and then publishing false statements about [Ewing]." TIADA's motion for summary judgment argued that the claim was barred by limitations and that the petition failed to state a cause of action for negligent misrepresentation because it failed to allege that TIADA made a misrepresentation to Ewing and that Ewing relied on that misrepresentation.

TIADA has abandoned its limitations argument. Therefore, we could affirm the summary judgment on negligent misrepresentation only on the failure to state a cause of action. However,

9

Ewing's negligent misrepresentation claim should not have been dismissed for failure to state a claim until after TIADA filed special exceptions to the claim, the exceptions were sustained, and Ewing was given an opportunity to amend its pleading. *See Massey*, 652 S.W.2d 934.

TIADA contends that it filed special exceptions, that Ewing subsequently filed two amended petitions, and that Ewing filed a third amended petition after receiving TIADA's motion for summary judgment. However, TIADA's special exceptions did not address Ewing's failure to plead the elements of a cause of action for negligent misrepresentation, those special exceptions were not sustained, and Ewing was not given a corresponding opportunity to amend its pleading to correct such a defect. *See id.* Ewing's claim may be defective, but any such defects may be curable by amendment. *See James*, 742 S.W.2d at 704. Because, Ewing's motion for summary judgment should not have been used to circumvent the required special exception process, summary judgment as to Ewing's cause of action for negligent misrepresentation was premature. *See id.* Accordingly, we sustain this point of error, reverse the trial court's summary judgment as to Ewing's claim of negligent misrepresentation, and remand the claim to the trial court for further proceedings consistent with this opinion.

*(2)* *TIADA's Motion for Summary Judgment Was Broad Enough to Cover the Claims and Evidence Raised in Ewing's Latest Pleading*

After TIADA filed its motion for summary judgment, Ewing filed its third amended petition. On appeal, Ewing contends that the trial court erred in granting summary judgment because TIADA's motion was directed at its second amended petition rather than its live pleading, the third amended petition.

10

A substituted pleading takes the place of the original, and the original "shall no longer be regarded as a part of the pleading in the record of the cause." TEX. R. CIV. P. 65. "A motion for summary judgment must be supported by the pleadings on file, and the final judgment of the court must conform to those pleadings." *Krull v. Somoza*, 879 S.W.2d 320, 322 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *see also Elite Towing, Inc. v. LSI Fin. Grp.*, 985 S.W.2d 635, 641 (Tex. App.—Austin 1999, no pet.). Additionally, a trial court may not grant a summary judgment on an unpled cause of action. *McDuff v. Chambers*, 895 S.W.2d 492, 496 (Tex. App.—Waco 1995, writ denied).

In its second amended pleading, Ewing made claims against TIADA for negligent misrepresentation, defamation, business disparagement, and intentional infliction of emotional distress. After TIADA's motion for summary judgment was filed, Ewing filed its third amended petition asserting, in all material ways, the same causes of action. TIADA did not file an amended motion before the trial court granted summary judgment.

Ewing, citing *Galtex Property Investors, Inc. v. City of Galveston*, argues that "[a] party cannot obtain judgment on matters that were not asserted in its pleadings." 113 S.W.3d 922, 928–29 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Ewing also cites *Sosa v. Central Power & Light*, where the Texas Supreme Court reversed a summary judgment because it was based on sworn statements made only in a superseded pleading. 909 S.W.2d 893, 895 (Tex. 1995).

Ewing's point of error fails (a) to explain how any of the grounds raised in TIADA's motion were negated or rendered inapplicable by the third amended petition or (b) to direct this Court's attention to any meaningful and relevant difference between the claims and evidence raised against

11

TIADA in the second amended petition and those raised against it in the third. *See Gen. Serv. Comm'n v. Little-Tex. Insulation Co.*, 39 S.W.3d 591, 598 n.1 (Tex. 2001) (failure to adequately brief issue on appeal results in forfeiture of point on appeal). Moreover, TIADA's grounds for summary judgment are broad enough to cover the claims and evidence raised in the third amended petition. *See Karbach v. Markham*, No. 03-06-00636-CV, 2009 WL 3682604, at *7–8 (Tex. App.—Austin Nov. 6, 2009, no pet.) (mem. op.). Therefore, even though Ewing's second amended petition was no longer a live pleading, TIADA's summary judgment grounds were broad enough to contemplate the claims and evidence raised in Ewing's third amended petition. *See id.* To hold otherwise would allow a nonmovant to perpetually avoid summary judgment simply by filing an amended petition alleging the same causes of action as before on the eve of each successive summary judgment hearing. Accordingly, we overrule this point of error.[9]

*(3)      Ewing's Argument Regarding the Continuing-Tort Doctrine Is Moot*

In its motion for summary judgment, TIADA argued, in part, that all of Ewing's claims were barred by limitations. On appeal, Ewing argues that the trial court erred "by not applying the continuing tort doctrine to the applicable statute of limitations for each [of its] cause[s] of action." However, on appeal, TIADA has affirmatively abandoned limitations as a basis for summary judgment based on the admission in Ewing's response that "all [of its] causes of action accrued April 18, 2016." Therefore, the argument regarding the continuing-tort doctrine is moot.

---

[9]*See In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (courts look to substance over formal styling of pleadings); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980).

12

*(4)*     *Ewing's Argument on Appeal Regarding its Claim for Intentional Infliction of Emotional Distress Is Forfeited Due to Inadequate Briefing*

TIADA also argued that it was entitled to summary judgment as to Ewing's claim for intentional infliction of emotional distress because, as a matter of law, TIADA's alleged conduct failed to meet the outrageous or extreme level required to satisfy the emotional distress standard.[10] However, Ewing fails to challenge this ground for summary judgment, to discuss the legal precedents of what constitutes extreme and outrageous conduct, or to explain how TIADA's alleged conduct falls within such precedents. *See Gen. Serv. Comm'n*, 39 S.W.3d at 598 n.1. Accordingly, we affirm the trial court's judgment as to Ewing's claim for intentional infliction of emotional distress. *See Humphries v. Advanced Print Media*, 339 S.W.3d 206, 208 (Tex. App.—Dallas 2011, no pet.); *see Berger v. Flores*, No. 03-12-00415-CV, 2015 WL 3654555, at *4 (Tex. App.—Austin June 12, 2015, no pet.) (mem. op.).

*(5)*     *The Issue of Privilege Is Moot on Appeal*, *Given Ewing's Forfeiture of any Attack on the "Truth" Defense*

Ewing's petition alleges that the statement at issue was published "at the knowing and willful direction of Defendants Juan Sabillon and Brent Rhodes, and with malice." Though the

---

[10]"[I]ntentional infliction of emotional distress requires proof that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *White v. Schlumberger Ltd.*, No. 01-05-00685-CV, 2006 WL 948074, at *3 n.3 (Tex. App.—Houston [1st Dist.] Apr. 13, 2006, no pet.); *see Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). To be considered extreme and outrageous, the conduct must "go beyond all possible bounds of decency and . . . be regarded as atrocious and utterly intolerable in a civilized community. . . . Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.*

13

petition fails to specify which claims were made against Sabillon and Rhodes,[11] we will assume, for the purposes of this opinion, that all four causes of action were made against them. As we have previously addressed the claims for negligent misrepresentation and intentional infliction of emotional distress, the causes of action still to be addressed are for defamation and disparagement. Ewing contends that, in granting summary judgment as to its claims against Sabillon and Rhodes, the trial court improperly applied privileges to bar its claims.

Because the trial court did not state the basis for granting the motion for summary judgment, the appellant must attack all independent bases or grounds that support the judgment for each cause of action alleged. *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 381 (Tex. 1993); *Sergeant Enters., Inc. v. Strayhorn*, 112 S.W.3d 241, 245 (Tex. App.—Austin 2003, no pet.).

> The appellant must negate all possible grounds on which the order could have been based by either asserting a separate issue challenging each possible ground or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds on which the summary judgment could have been granted.

*Schuetz v. Source One Mort. Servs. Corp.*, No. 03-15-00522-CV, 2016 WL 4628048, at *6 (Tex. App.—Austin Sept. 1, 2016, pet. granted) (mem. op.); *Wilhite v. Glazer's Wholesale Drug Co.*, 306 S.W.3d 952, 954 (Tex. App.—Dallas 2010, no pet.). When an appellant fails to challenge each possible ground for summary judgment, we must uphold the judgment on the unchallenged

---

[11]Ewing's second amended petition levels all four of its causes of action against the "Defendants." In the third amended petition, the claims are made against "the TIADA Defendants," but it is not clear from the petition whether the term refers to TIADA and Sabillon, TIADA and Rhodes, or TIADA and both individuals.

grounds. *Humphries*, 339 S.W.3d at 208; *see Berger*, 2015 WL 3654555, at *4 (affirming summary judgment based on unchallenged ground).

TIADA's motion for summary judgment argued that Ewing's claims for defamation and business disparagement failed as a matter of law because the statement in dispute was true.[12]  A statement that is true or substantially true cannot support a claim for either defamation or business disparagement. *See Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987); *Basic Capital Mgmt., Inc. v. Dow Jones & Co., Inc.*, 96 S.W.3d 475, 480–81 (Tex. App.—Austin 2002, no pet.).  Ewing argues that the statement in dispute is a declaration that Ewing's membership was revoked for unethical behavior.  However, on appeal, Ewing does not dispute that, just as the statement says, at the January TIADA meeting, "[a] motion was made under Article III[,] Section 7 of the bylaws to revoke [Ewing's] membership," that the motion was made by Sabillon, that the motion was seconded by Trey Crouch, and that the motion was passed.  Ewing has failed to challenge and negate this ground for summary judgment because Ewing failed to cite caselaw explaining how this true statement amounts to defamation. *See Gen. Serv. Comm'n*, 39 S.W.3d at 598 n.1 (failure to adequately brief issue on appeal results in forfeiture); *Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied) (appellant's burden to discuss assertions of error; failure to cite legal authority or provide substantive analysis of legal issue presented results in forfeiture; court is not to perform independent review of record and applicable law to assess error).  Ewing's assertions that the statement is false are mere conclusions of law,

---

[12]TIADA also argued that Ewing's claims failed due to limitations and a failure of publication.  However, due to our ruling regarding TIADA's truth defense, we need not address publication or limitations.

lacking discussion of the facts and analysis of the applicable law. Consequently, we must affirm the trial court's judgment as to Ewing's claims for defamation and business disparagement. *See Humphries*, 339 S.W.3d at 208; *see Berger*, 2015 WL 3654555, at \*4.

*(6)      There Was No Reversible Error in Sustaining TIADA's Objections to Candler's Affidavit*

As part of its fifth point of error, Ewing argues that the trial court erred in sustaining TIADA's objections to Candler's affidavit in support of Ewing's amended response to TIADA's motion for summary judgment.

The standards for determining the admissibility of evidence is the same in a summary judgment proceeding as at trial. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163–64 (Tex. 2018) (per curiam) (citing *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997)) (per curiam); *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust 1*, 331 S.W.3d 500, 505–06 (Tex. App.—Corpus Christi 2010, no pet.). The admission or exclusion of evidence rests in the sound discretion of the trial court. *See Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) (citing *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995)). A trial court abuses that discretion when it acts "without regard for any guiding rules or principles." *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *See State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989). Moreover, we will not reverse even an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1; *see also Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

16

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *See Riner v. Newmann*, 353 S.W.3d 312, 321 (Tex. App.—Dallas 2011, no pet.). Conclusory statements in affidavits are not sufficient to raise fact issues because they are not susceptible to being readily controverted. *La China v. Woodlands Operating Co.*, 417 S.W.3d 516, 520 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Ryland Grp. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam)).

In support of Ewing's amended response, Ewing attached Candler's amended affidavit. On the day[13] of the summary judgment hearing, ten days after Ewing filed its amended response, TIADA filed written objections to the following five portions of Candler's affidavit:

> Jeff Martin of TIADA further pressed TDI to take action against [Ewing] by numerous communications with TDI attorneys, which spurred on the TDI cases in increasing attorney fees and costs.
>
> . . . .
>
> TDI began administrative litigation actions against Charles Candler March 2012, and later brought administrative actions against Ewing Insurance Services, Inc. based on [the complaints] adopted and published [by TIADA, Sabillon and Rhodes].
>
> . . . .
>
> As published by Defendant TIADA at the knowing and willful direction of Defendants, and Juan Sabillon and Brent Rhodes, and with malice:
>
> . . . .

---

[13]During the hearing, Ewing noted that the objections had been filed "about two hours" before the hearing.

17

> This publication was then sent by TIADA to over 1,000 members as conspired by Defendants.
>
> . . . .
>
> Before May 15, 2015[,] the true information of Kenneth Haggerty, an ex-employee of Defendant Ewing, having been determined by TDI as the person that stole the monies giving rise to the false statements was provided to TIADA, including Jeff Martin, but TIADA continued to press and publish the false statements and falsely defamed Plaintiffs, publishing they are unethical, with the intent of cutting off their business with members.

TIADA argued that the sentences were conclusory, conjecture, and unsupported by any factual basis. Though the objections were not argued during the hearing, they were referenced by the parties and the court, with the trial court noting that they had been made a part of the record.[14] At the conclusion of the hearing, the trial court took TIADA's motion and objections under advisement. The order granting TIADA's motion for summary judgment also sustained TIADA's objections without stating the specific grounds for doing so. Rather than challenging the individual objections on appeal, Ewing makes a general argument that the trial court erred in sustaining the objections because the five sentences were within Candler's personal knowledge.[15]

Here, we conclude that the trial court was within its discretion to find the second, third, and fourth sentences to be conclusory. *See Riner*, 353 S.W.3d at 321. As to the first and fifth sentences,

---

[14]Ewing argues, in part, that the objections should have been overruled as untimely. However, the objections were filed prior to the hearing, only ten days after the response and the attached affidavit were filed. Moreover, Ewing has failed to cite any authority indicating that the objections were untimely-filed, and we are aware of none.

[15]Ewing also contends that each of the allegations were "supported by the attached referenced business records to the affidavits." Because there are more than one hundred pages of documents attached to the affidavit, and Ewing fails to explain which records factually support each challenged allegation, this argument was forfeited. *See Bullock v. Am. Heart Ass'n*, 360 S.W.3d at 665 (appellant's failure to cite legal authority or provide substantive analysis of law and record results in forfeiture).

the trial court erred in granting TIADA's objections regarding whether Martin's communications with TDI attorneys pressed for action against Ewing and whether the "true information" regarding Haggerty was provided to TIADA and Martin before May 15, 2015, because they are statements of fact that are readily controvertible, while the remainder of the two sentences were properly struck as legal conclusions. *See Padilla v. Metro. Transit Auth. of Harris Cty.*, 497 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (statement in affidavit not conclusory because it was statement of fact, not inference from unstated facts); *Riner*, 353 S.W.3d at 321; *Brewer v. Capital Cities/ABC, Inc.*, 986 S.W.2d 636, 641 n.4 (Tex. App.—Fort Worth 1998, no pet.) ("[B]ecause [appellee] makes only factual assertions in her affidavit and not legal conclusions, her affidavit is not conclusory and was properly admitted by the trial court."). However, the two evidentiary errors do not require the reversal of the trial court's judgment in this case because we are unable to find that the excluded allegations probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1; *see also Gee*, 765 S.W.2d at 396.

We overrule this point of error.

*(7)     Ewing's Cross-Motion for Summary Judgment Was Not Before the Trial Court for Hearing*

In the remaining portion of its fifth point of error, Ewing contends that the trial court erred by failing to grant its cross-motion for summary judgment.

TIADA filed its amended motion for summary judgment January 23, 2018. The hearing on TIADA's motion was set for April 9, 2018. On March 30, 2018, ten days before the hearing, Ewing filed its "First Amended Response and Objections to Appellees' Amended Summary Judgment Motion and Cross Summary Judgment Motion." When Ewing raised the issue of its

19

cross-motion during the hearing, TIADA argued that Ewing's motion for summary judgment was not set for hearing that day, as it had just been filed "on the 30th."

"Except on leave of court, with notice to opposing counsel," a party seeking summary judgment must file and serve the motion and any supporting affidavits at least twenty-one days before the date set for hearing the motion. TEX. R. CIV. P. 166a(c). An untimely summary judgment filing is not before the trial court and cannot be considered unless leave of court is sought and granted. *See Derouen v. Wal-Mart Stores, Inc.*, No. 06-06-00087-CV, 2007 WL 188698, at *1 (Tex. App.—Texarkana Jan. 26, 2007, no pet.) (mem. op.) (unless leave granted, untimely response not before court). If there is no order in the record indicating that the trial court granted leave to file an untimely motion for summary judgment, we presume that the trial court did not consider the motion. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996).

Here, the record does not indicate that Ewing requested leave to file a late motion for summary judgment or that the trial court granted leave to file. The order granting TIADA's motion states that TIADA's motion for summary judgment was heard, but it does not deny, or even mention, Ewing's cross-motion. Because the record does not establish that Ewing's cross-motion for summary judgment was before the court for adjudication, or that it was denied, we overrule this point of error.

*(8)* *Ewing's Objections to TIADA's Summary Judgment Evidence Were Not Preserved for Appellate Review*

Ewing also contends that the trial court erred in overruling its objections to TIADA's summary judgment evidence because TIADA failed to timely respond to Ewing's requests for disclosure.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

Unless an order sustaining the objection to summary-judgment evidence is reduced to writing, signed, and entered of record, the evidence remains part of the summary-judgment proof even if a party has objected to an opponent's summary-judgment evidence. *See Seim*, 551 S.W.3d at 166 (citing *Mitchell v. Baylor Univ. Med. Ctr.*, 109 S.W.3d 838, 842 (Tex. App.—Dallas 2003, no pet.)); *see also Duncan-Hubert v. Mitchell*, 310 S.W.3d 92, 100 (Tex. App.—Dallas 2010, pet. denied) (mere granting of summary judgment was not implicit ruling on movant's objections to non-movant's summary judgment evidence). The purpose of this rule is two-fold. First, a ruling is necessary to comply with the ordinary rules of preservation of error. *See generally* TEX. R. APP. P. 33.1(a)(2). Second, a written ruling is necessary so that a court of appeals can ascertain what summary judgment evidence was considered by the trial court in reaching its decision. *See Utils. Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719, 722 (Tex. App.—Dallas 1988, no writ).

In Ewing's amended response, it objected to all of TIADA's summary judgment evidence, arguing that it should be excluded because TIADA failed to timely disclose the witnesses and evidence in response to Ewing's requests for disclosure. During the summary judgment hearing, Ewing again raised its objection to TIADA's summary judgment evidence. However, Ewing failed to obtain any ruling on any such objection. Because no ruling on any objection was ever reduced

21

to writing, signed, and entered of record, this issue was not preserved for our review; thus, TIADA's evidence remains a part of its summary judgment proof. *See Seim*, 551 S.W.3d 166. We overrule this point of error.

We reverse and remand the trial court's judgment only as to Ewing's claims for negligent misrepresentation. We affirm the remainder of the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     February 4, 2019
Date Decided:       April 12, 2019